Edgar H. Whiting *vs.* William H. Dyer.

•

WASHINGTON—APRIL 24, 1899.

Present : Matteson, C. J., Stiness and Tillinghast, JJ.

(1)　*Trusts.　Oral Agreements.*

Where one orally agrees with another to buy for the latter real estate of a third party, in which the promisee has no interest, and the promisor then buys it for himself, a trust will not be implied. The promise is without consideration and is not enforceable.

Bill in Equity to establish a trust. Heard on bill and answer. Bill dismissed.

(1)　Per Curiam. The bill alleges that, at the commissioner's sale of real estate owned by Sophia Dyer, in which the complainant's mother, Lydia A. Whiting, had a life lease, she agreed with the respondent, her nephew, that he should appear for her at the sale to purchase the estate for her, on account of which agreement others did not bid, and that the

respondent purchased the estate at an inadequate price in his own name, and now holds it. The prayer is that a trust may be declared in favor of the complainant as heir of his mother.

Assuming all that the complainant alleges, although there is a forcible denial by the respondent, we think it is clear that no case for a trust is shown.

It has been held by this court that where A. orally agrees with B. to buy for him real estate of C., in which sale no interest of B. forms a part, and A. then buys it for himself, no trust arises. It is a promise without consideration, which is not enforceable. *Aborn* v. *Padelford*, 17 R. I. 143; *Jenckes* v. *Cook*, 9 R. I. 520.

The ground of equity jurisdiction chiefly urged is that the respondent obtained the estate at an inadequate price. But this is a matter in which the heirs of Sophia Dyer are concerned, and not the complainant. If the respondent procured an unfair sale, the heirs may be able to set it aside. The complainant, however, cannot acquire a right upon that ground.

Bill dismissed.

*Dexter B. Potter and Nathan B. Lewis*, for complainant.
*Charles J. Arms*, for respondent.