## The W. P. Myers Publishing Company v. White River School Township.

[No. 3,533.   Filed December 13, 1901.]

Schools.—*Teaching Music.*—*Liability of Township for Music Charts Purchased by Trustee.*—A complaint in an action against a school township to recover the value of certain music charts furnished by plaintiff and placed in the schools of the township by the trustee thereof is not bad, because music is not one of the branches of study required by the statute (§5984 Burns 1901) to be taught in the public schools, since under such statute school trustees have authority to prescribe the teaching of music in the common schools.  *pp. 91–93.*

Same.—*Teaching Music.*—*Direction by Trustee.*—*Pleading.*—An averment in a complaint in an action against a school township for the value of certain music charts, to the effect that the trustee placed the charts in the public schools of the township for the purpose of being used, where they still remain, and have ever since been used by the pupils, is equivalent to stating that the trustee directed that music be taught.  *pp. 93, 94.*

Same.—*Trustee.*—*Purchase of Music Charts.*—School trustees have authority under §5920 Burns 1901 to purchase music charts for the use of the schools of their townships without the approval of the board of education.  *pp. 94, 95.*

From Johnson Circuit Court; *Wm. J. Buckingham*, Judge.

Action by The W. P. Myers Publishing Company against White River School Township to recover the value of certain music charts furnished the township. From a judgment for defendant on demurrer to the complaint, plaintiff appeals.  *Reversed.*

*W. J. Beckett*, for appellant.
*R. M. Miller* and *H. C. Barnett*, for appellee.

Comstock, C. J.—Appellant brought this action against the White River School Township of Johnson county, Indiana, to recover the value of twelve music charts at $15 each. The trial court sustained appellee's demurrer to the complaint for want of facts. Appellant refusing to plead fur-

ther, judgment was rendered in favor of appellee for costs. The sufficiency of the complaint is presented by this appeal. The first objection to the complaint, as stated by appellee, is, that "a township trustee has no authority to create a debt for music charts, music not being one of the branches of study required to be taught in public schools."

After alleging that the defendant is indebted to the plaintiff in the sum of $250 for goods delivered to the defendant and placed in the schools of the defendant school township, the complaint contains, among others, in substance the following averments: The goods consisted of fourteen sets of music charts, each set consisted of twelve charts, and were so graduated that each and all the grades from the lowest to the highest could be instructed therefrom in vocal music; that each set was worth $15; that they were received by the trustee and placed in the schools of said township and were used by the teachers in said various schools, for the use and benefit of all the pupils in said schools, to instruct them in the rudiments of vocal music; that they were suitable and necessary properly to teach vocal music in said schools; that said schools were wholly without any charts or apparatus of any kind whatever, or any other proper apparatus or means by which vocal music could be taught therein by the teachers thereof, and that until said charts were furnished no music could be taught therein, and the school children of the various school districts of said township were wholly deprived of the opportunities and facilities for instruction in vocal music; that they were furnished for the use of the school township, to be used in the various buildings of said schools, for the use of all pupils in attendance upon the public schools therein, and were received and placed in the schoolhouses for such purpose, and have been and are still used by the defendant township in its public schools; that when so furnished, they were reasonably worth the sum of $210.

Section 5984 Burns 1901, provides that "The common

schools of the State shall be taught in the English language; and the trustees shall provide to have taught in them orthography, reading, writing, arithmetic, geography, English grammar, physiology, history of the United States and good behavior, and such other branches of learning and other languages as the advancement of pupils may require and the trustees from time to time direct." In construing this section, the Supreme Court, in *State ex rel.* v. *Webber*, 108 Ind. 31, 58 Am. Rep. 30, meets said first objection. In that case it is held that the school trustees have authority to prescribe the teaching of music in the common schools and to require the pupils to provide themselves with books of instruction for that purpose. In the course of the opinion, the court say: "It can not be doubted, we think, that the legislature has given the trustees of the public school corporations the discretionary power to direct, from time to time, what branches of learning, in addition to those specified in the statute, shall be taught in the public schools of their respective corporations." The school in the case from which we have just quoted was a graded school; but the language of the statute is general and applies to all public schools.

We appreciate the force of the appellee's position that music is not one of the branches required to be taught in public schools in view of the fact that under §5905a Burns 1901, §4429a Horner 1901, the applicant for the position of teacher may be licensed who "is found to possess knowledge which is sufficient, in the estimation of the county superintendent, to enable said applicant successfully to teach, in the common schools of the State, orthography, reading, writing, arithmetic, geography, English grammar, physiology, the history of the United States, * * * to govern such schools." But we regard the case cited as decisive.

The second objection urged to the complaint is, that "if music is such 'other branch of learning' as the advancement of the pupil may require and the trustees from time to time

'direct,' the complaint nowhere states such facts." The statute specifies the concurrence of two conditions, viz., the advancement of the pupils must require such other branch of learning and the trustee must direct that it be taught. The necessity of teaching such other branch of learning is lodged in the discretion of the trustee. *State ex rel. v. Webber, supra.* The complaint stating facts showing that he placed the charts for the purpose of their being used in the 'public schools of said township, where they still remain and have ever since been used by the pupils, is equivalent to stating that the trustee directed that music be taught.

The third and last objection made to the complaint is that "the purchase of music charts, if in any event lawful, could only be made after being considered by the 'county board of education,' which consideration the complaint does not show." The county board of education and its duties are defined in §5912 Burns 1901, §4436 Horner 1901. Said section provides that, "Said board shall consider the general wants and needs of the schools and school property of which they have charge, and all matters relating to the purchase of school furniture, books, maps, charts," etc. The change of text books and the management of township libraries shall be determined by such board; but as to the other matters, it is only advisory. It is not given authority to contract for school supplies; this authority is in the trustee.

Section 5920 Burns 1901, §4444 Horner 1901, provides that the trustees "shall take charge of the educational affairs of their respective townships, towns, and cities. They shall employ teachers, establish and locate conveniently a sufficient number of schools for the education of the children therein, and build, or otherwise provide, suitable houses, furniture, apparatus and other articles and educational appliances necessary for the thorough organization and efficient management of said schools."

The articles purchased were not "general text books for the use of each of the individual pupils." In *Jackson School*

*Tp.* v. *Hadley*, 59 Ind. 534, the Supreme Court holds that the trustee has the right to purchase dictionaries for the use of the schools. In the course of the opinion in *Honey Creek School Tp.* v. *Barnes*, 119 Ind. 213, at p. 216, in commenting upon that case, the Supreme Court say: "Blackboards, charts, maps, tellurians and dictionaries are a class of articles, apparatus and books which are not required for each individual scholar, but one of each would be sufficient, in most instances, for the whole school, and could be used by the teacher in giving instructions to the pupils. No person being required to furnish such common property for the benefit of the whole school, they can only be supplied by the trustees." The complaint is sufficient to withstand a demurrer.

Reversed, with instruction to overrule the demurrer.