Tyler, Respondent, vs. Stitt, Appellant.

*September 6—September 24, 1907.*

*Constructive trusts: Fraud: Preventing intended disposition of property by will: Statute of frauds.*

1. Where an heir induced decedent to refrain from making an intended disposition of property for the benefit of a third person by representations that the same result could be reached in another way and by assurances that decedent's wishes would be carried out, land descending to such heir may be impressed with a trust in favor of the intended beneficiary.

2. An owner desiring to dispose of property equally to his sole heir and a third person, proposed to deed to the latter a one-half interest in it. To prevent such transfer the heir represented that the same result could be accomplished in another way, and induced the owner instead to execute a note for one half the estimated value of the property payable to the third person after the owner's decease out of his estate. The heir also signed this note and added a codicil to his will leaving his entire estate, in case he should survive the owner, to the third person. The note and codicil were delivered to the third person for the purpose of carrying out the owner's desires. Relying upon the assurances of the heir that such obligations were binding and would effectuate his wishes, the owner refrained from making any other disposition of his property. *Held*, that the property in the hands of the heir was impressed with a trust in favor of the third person to the extent of the intended interest.

3. The creation of a trust in favor of an intended beneficiary and its establishment by parol evidence does not violate the rule requiring the transfer of interest in land to be in writing.

4. A trust in favor of an intended beneficiary will not be created on the ground that an heir of the decedent fraudulently prevented the making of an intended devise, unless it appears that the decedent relied upon the representations of the heir that the arrangement adopted at his suggestion would effect the desired disposition of the property.

Appeal from an order of the circuit court for Milwaukee county: Warren D. Tarrant, Circuit Judge. *Affirmed.*

This is an action to establish a trust respecting the estate of Olive Blake Stitt. The complaint alleges that Olive Blake Stitt died intestate April 1, 1900, leaving her husband as

her sole heir at law; that she had no children; that plaintiff's
mother, though not related to the deceased, was brought up
as a member of her family, and that the plaintiff was likewise
a member of her family from infancy until he became of age;
that on September 2, 1892, Olive Blake Stitt made her last
will, by which she made disposition of her property, giving
her husband one half of her estate and giving the remain-
ing half in equal shares to her sister, to plaintiff, and an-
other; that on October 6, 1896, the sister of the deceased,
mentioned in the will as a beneficiary, died; "that subsequent
to the death of said sister of said deceased, on or about the
26th day of October, 1896, at the instance and request of the
defendant, the said deceased by a written instrument re-
voked her said last will and testament;" that deceased at
the time of the execution of the will, its revocation, and until
the time of her death was the owner of certain real estate of
the value of about $9,000;

"that subsequent to the revocation of said will as aforesaid
the said deceased desired to make some disposition or ar-
rangement of her property, including the said real estate,
and certain personal property, at such time amounting to
over one thousand ($1,000) dollars, so that the same might
be divided equally between said defendant and the plaintiff
upon the decease of said Olive Blake Stitt; that said deceased
advised with the defendant with reference to such proposed
disposition of her said property, and desired to make a deed
of the real estate hereinbefore described to the plaintiff, but
at the suggestion, advice, and request of the defendant did
refrain from so executing said deed, and then, and for the
purpose of conveying and assuring to this plaintiff a one-
half interest in and to the real estate hereinbefore described,
did sign a certain instrument in writing, the same having
been drawn and prepared for her signature by the defendant,
and which was in manner and form as follows, to wit:
" 'Milwaukee, Wisconsin, June 18th, 1897.
" 'I promise to pay *Robert D. S. Tyler,* or order, four
thousand five hundred dollars, with 6 per cent. interest from
this date, payable after my demise, out of my estate.' "

It is alleged that this instrument was also signed by the defendant, and "that at the time of the signing of the instrument aforesaid the said defendant, for the purpose of assuring the said deceased and this plaintiff that his advice and suggestion to the deceased was in good faith, and that he intended that the wishes of said deceased for the plaintiff should be carried out, executed a certain codicil to his own will and testament," by which, in the event of his wife not surviving him, he bequeathed all of his property to the plaintiff, and, further, that at about the time of the execution of the note and the codicil to the will they were delivered to the plaintiff "for the purpose of effectuating and carrying out the intentions of the deceased for the plaintiff as aforesaid, and for the purpose of assuring and securing to the plaintiff as aforesaid a one-half interest in all the real property as aforesaid." The complaint further states:

"That relying upon the assurance and representations of the defendant to the deceased that the instrument as aforesaid so executed on or about June 16, 1897, and so delivered to the plaintiff, was a complete, full, and binding obligation, and would effectuate the intent of the said deceased to secure to this plaintiff an undivided one-half interest in and to the real estate heretofore described, said deceased failed and neglected to make any other different disposition of her property other than that until the time of her death."

The defendant now refuses to carry out the transfer of an interest in decedent's property to plaintiff as was intended by her and prevented by the act of defendant. Upon the death of Olive Blake Stitt defendant was appointed administrator of her estate. Plaintiff demanded relief declaring and imposing a trust upon the real estate for an undivided one-half interest therein, and, in case of a disposition being made of the property, then that a trust in favor of plaintiff for his interest in the estate be imposed upon the funds which have come into the hands of the defendant as administrator of the estate of the deceased.

This is an appeal from an order overruling a demurrer to the complaint.

For the appellant there was a brief by *Scheiber & Orth,* and oral argument by *Fred Scheiber.*

*F. C. Eschweiler,* for the respondent.

SIEBECKER, J.  The plaintiff seeks to recover from defendant a one-half interest in the real estate of which Olive Blake Stitt died seised and which defendant now claims as her sole heir.  It is averred by defendant that the facts alleged do not constitute a ground for the equitable relief demanded.  As appears from the foregoing statement, the complaint contains allegations to the effect that Olive Blake Stitt, deceased, desired to dispose of her property to plaintiff and defendant in equal shares; that to accomplish this end she proposed to make a transfer to plaintiff of a one-half interest in the real estate then owned by her and of which she died seised; and that she, relying on the representations made to her by the defendant, refrained from making such a transfer for the intended purpose, and in place and stead thereof, at defendant's request and solicitation, she executed a note in plaintiff's favor, which defendant also signed as a joint maker, and which was made payable "after my demise out of my estate."  It is also alleged that defendant made his will, giving his real and personal estate to plaintiff in case he should survive decedent, and that he did this to influence her to refrain from making her intended conveyance to plaintiff of an interest in her real estate as a testamentary gift, and that she, relying on his assurances and promises, his execution of the note jointly with her, and his testamentary disposition of his estate to the plaintiff, as stated, believed that he would after her decease carry out her intention of securing to plaintiff the one-half interest in her real property, and she therefore omitted to transfer it as she desired.  It is also alleged that, since the decease of Olive Blake Stitt, defendant has refused to carry out such promises, and that

he as the sole heir of the deceased claims the right to the whole estate, to the exclusion of any interest of the plaintiff. This is the substance of the complaint, fairly deducible from the allegations under a liberal rule of construction, and freed from purely evidentiary facts alleged but not essential to plead the cause of action.

The question is whether the trial court correctly held that the facts alleged constitute a good ground for equitable relief to impress the property of decedent's estate in defendant's possession or control with a trust in plaintiff's favor, so as to secure to him the interest which he alleges the decedent intended to give him and which he alleges the defendant prevented by his fraudulent promises, assurances, and acquiescence.    There is no question but that the defendant is the heir at law of the deceased, and as such, in view of her intestacy, inherits all of her property, and, unless the trust demanded be imposed upon her estate, that he will be directly benefited by her omission to transfer a part of it to plaintiff, as it is alleged she intended to do.    The right to relief by plaintiff is based upon defendant's fraud in preventing decedent from effectuating a transfer of her property to plaintiff, and is sought to be enforced by impressing a trust on the property of her estate.    The principle is stated by Mr. Pomeroy, in his Equity Jurisprudence (vol. 2, § 919, 3d ed.), as follows:

"The land descending to the heir may be impressed with a trust, where he has prevented the testator from making an intended devise by fraudulently representing to the testator that his intention will be carried into effect towards the beneficiary as fully as though the devise were made."

This jurisdiction has been extended to cases analogous to the fraudulent prevention of the making of intended testamentary gifts, such as preventing persons, through the interposition of fraud, from doing intended acts for the benefit of another.    2 Pom. Eq. Jur. (3d ed.) § 919.    Kerr, Fraud & M. 273, states that the adjudications go upon the principle

that, "if a man be prevented by duress, undue influence, or other undue means, from executing an instrument, the court will treat it as if it had been executed."

This principle was recognized and applied by this court in the case of *Brook v. Chappell,* 34 Wis. 405, which is analogous in its equitable features to the cause alleged in this complaint. There a residuary legatee in a will promised the testator, who contemplated changing his will by making additional bequests to persons not mentioned in the will, that he would pay the sums to the persons testator so intended to add to and include in his will, and he thus induced the testator to omit changing his will or adding such provisions by codicil. After testator's death he refused to comply with such promise. After an extended examination of the adjudications it was considered and held that under such circumstances equity would grant relief upon the ground of fraud, and would impress a trust on the property so obtained by the residuary legatee for the amount so withheld from the proposed legatees. The opinion of the court in *Hoge v. Hoge,* 1 Watts (Pa.) 163, an analogous case, was approved as a correct and discriminating statement of the law, which was to the effect that the creation of such a trust and its establishment by parol evidence was not in violation of the rules of law providing for the transfer of an interest in property in writing. In the case of *Whitehouse v. Bolster,* 95 Me. 458, 50 Atl. 240, the court, speaking on the subject of creating a trust in favor of an intended beneficiary in cases of this nature, observes:

"It must always appear that the decedent relied upon the promise of the heir or devisee as an effective arrangement for the future disposition of his property. This principle is fundamental and universal. Such a trust as this is claimed to be has its origin in fraud. It is forced, if necessary, upon the conscience of the party to prevent the accomplishment of a fraudulent result. It is constructed to compel the disponee to do with the estate coming to him as he has induced his ancestor or testator to believe that he will do. It is upheld

when, and only when, it would be unconscientious for the disponee to retain the estate for his own benefit. It exists only because the decedent relied upon the promise of the heir. If the decedent did not rely upon the promise there is no fraud and the trust fails. It is not a fraud not to keep a promise that was not relied upon."

We deem this an accurate and correct statement of the elements constituting the grounds of this equitable relief, and are of opinion that the allegations of the complaint before us are sufficiently broad to cover these elements of the grounds of equitable relief, and that the ruling of the trial court on the demurrer was correct. Other adjudications bearing on this question are: *Grant v. Bradstreet,* 87 Me. 583, 33 Atl. 165; *Gilpatrick v. Glidden,* 81 Me. 137, 16 Atl. 464; *Williams v. Fitch,* 18 N. Y. 546; *Hutchings v. Miner,* 46 N. Y. 456; *In re Will of O'Hara,* 95 N. Y. 403; *Ahrens v. Jones,* 169 N. Y. 555, 62 N. E. 660; *Williams v. Vreeland,* 32 N. J. Eq. 135, and note; *Vreeland v. Williams,* 32 N. J. Eq. 734; *Devenish v. Baines,* Finch, Prec. in Ch. case 3; *Bulkley v. Wilford,* 2 Cl. & Fin. 102; 3 Pom. Eq. Jur. (3d ed.) § 1054; 1 Perry, Trusts (5th ed.) §§ 171–181.

*By the Court.*—The order appealed from is affirmed.