Krzysko and others, Respondents, vs. Gaudyński and others, Appellants.

*March 10—April 5, 1932.*

For the appellants there was a brief by *Corrigan & Backus* and *Ruppa & Bortin,* all of Milwaukee, and oral argument by *Walter D. Corrigan.*

For the respondents there was a brief by *Wolfe & Hart* and *Poss, Toelle & Schuler,* attorneys, and *H. O. Wolfe, Benjamin Poss,* and *J. P. Brazy* of counsel, all of Milwaukee, and oral argument by *Mr. Poss* and *Mr. Brazy.*

FOWLER, J. The appellants assign error in each of the court's several findings of fact and conclusions of law. The contentions as to the facts we will pass by saying that we consider the findings amply supported. The errors of law claimed are (1) that Gaudynski's agreement with the plaintiffs, if made, was an agreement for an interest in land and void under the statute of frauds because not in writing; and (2) that his agency agreement, if made, was void for the same reason under sec. 240.10, Stats.

(1) The fact that Gaudynski was acting as a member of the group seems not, of itself, to afford ground under the Wisconsin decisions for holding him as trustee, because the agreement respecting the purchase of land by the members of the group was not in writing. This court has many times held that an oral agreement to enter into a partnership to deal in lands, or to purchase land for resale and divide the profits, does not make a party to the agreement who purchases land and takes the title in his own name a trustee and require him to account to the other for the profit made on resale of it, on the ground that the agreement is void under the statute of frauds because for purchase of an interest in land and not in writing. *Bird v. Morrison,* 12 Wis. *138, 153; *Clarke v. McAuliffe,* 81 Wis. 104, 51 N. W. 83; *Seymour v. Cushway,* 100 Wis. 580, 76 N. W. 769; *Scheuer*

*v. Cochem,* 126 Wis. 209, 105 N. W. 573; *Langley v. Sanborn,* 135 Wis. 178, 114 N. W. 787. This phase of the case is considered in a note in 18 A. L. R. 484, 497, where it is stated that, contrary to the general rule, courts in some jurisdictions, including Wisconsin, hold that a partnership or joint adventure to engage in the business of dealing in lands is a contract respecting an interest in land and void under the statute unless in writing. That the group here was to purchase to hold the land for making their own homes upon it instead of for resale at a profit should make no difference in application of the rule.

(2) The statutes relating to trusts that must be expressed in writing, secs. 240.06 and 240.07, except trusts which arise from "operation of law." The excepted trusts are "resulting trusts," which are implied "from the supposed intention of the parties and the nature of the transaction," and "constructive trusts," which "are raised independently of any such intention and which are enforced on the conscience of the trustee by equitable construction and the *operation of law."* 3 Bouvier (Rawle's 3d Rev.) 2947. The obligation of the trustee is the same in both cases. Purchasing property with money belonging to another creates a resulting trust. When an agent fraudulently purchases with his own money property he is employed to purchase for his principal, a "constructive trust" is created by the better if not greater weight of authority.

While the trust here cannot here be held to be a resulting trust, because the defendant used his own money instead of plaintiffs' to make the down payment, his fraud, assuming him to be an agent, created a constructive trust. By reason of his breach of trust the principals were prevented from conducting the negotiations themselves or procuring others to do so and the unfaithful agent is estopped by his fraudulent conduct from setting up the statute of frauds. The

principal by relying on the faith of an agreement is misled to his injury when the agent repudiates the agreement. *Burden v. Sheridan,* 36 Iowa, 125. This is of particular force here, where Gaudynski requested a member of the group to keep his partner from negotiating with the Seerups, which the member accomplished by inducing him to become a member of the group. Here we have not only the fraud but the fact that some of the plaintiffs put up their checks for the down payment to be made on the purchase price. It is true that the minutes of the meeting state that the money was put up for a down payment on the Agnew tract in case that tract was purchased, but this was because of the false report of the defendant that the Seerup tract which he was employed to purchase could not be purchased during the lifetime of the owner. The money was available for the down payment on the Seerup tract, as that is the tract the plaintiffs desired and the tract originally contemplated for which the defendant entered into negotiations on employment by the plaintiffs.

Whether the defendant can be held as a constructive trustee as an agent depends on whether his contract of agency, not being in writing and not in conformity with sec. 240.10, should be considered as wholly void and imposing no duty whatsoever upon him. Appellants contend it should be so construed. Sec. 240.10, however, does not require that such a construction be placed upon it. Its declaration is not that a contract of agency, but a contract *"to pay a commission"* is void unless in writing. The purpose of the statute was not to relieve real-estate agents from their obligations as agents, but to protect the public against frauds perpetrated by dishonest agents through falsely claiming oral contracts of agency when another agent effected a sale by which the landowner was subjected to claims for commission by two or more agents, and by falsely claiming agency and claiming a commission for procuring a purchaser when no *bona*

*fide* purchaser was in fact procured. One·may become an agent without compensation. Absence of compensation is immaterial. *Wright v. Smith,* 23 N. J. Eq. 106, 111. If a real-estate agent actually agrees orally to purchase land for another and takes money from the other to make the first payment on the purchase price, he must be held to have assumed to act for the other. And having assumed so to act, he ·should be held to the same obligations of duty as if he were acting under a contract binding the other party to pay him a compensation. Counsel for respondents concede that apart from the question of the invalidity of the contract of agency, the authorities are to the effect that the agent is bound as trustee, (A) one line of cases so holding him when the principal furnished the money for the purchase, and (B), the other line, so holding him regardless of this, some (a) upon the ground that the agreement is not a contract to convey realty because it was not contemplated the agent should take the title in himself, and (b) others on the ground of the fiduciary relationship between the principal and agent. *Burden v. Sheridan, supra; Nagengast v. Alz,* 93 Md. 522, 49 Atl. 333, and *Whiting v. Dyer,* 21 R. I. 278, 43 Atl. 181, are cited by them in support of (A); *Schmidt v. Beiseker,* 14 N. Dak. 587, 105 N. W. 1102, in support of (B) (a); and *Harrop v. Cole,* 85 N. J. Eq. 32, 95 Atl. 378, and *Johnson v. Hayward,* 74 Neb. 157, 103 N. W. 1058, ·107 N. W. 384, in support of (B) (b). *Wright v. Smith,* 23 N. J. Eq. 106, *Gardner v. Ogden,* 22 N. Y. 327, *Davoue v. Fanning,* 2 Johns. Ch. 252, *Rose v. Hayden,* 35 .Kan. 106, 10 Pac. 554, and *Wood v. Rabe,* 96 N. Y.· 414, are outstanding cases cited by counsel for respondents. supporting (B) (b), as is *Trice v. Comstock,* 121 Fed. 620, 61 L. R. A. 176.

A note in 42 A. L. R. 28, under the heading "Agreements to negotiate purchase as agent," classifies the decisions of the different states upon the question of the obliga-

tion of an agent under oral contract who purchases real estate in his own name in violation of his duty. The states are about equally divided, part holding the agent to be a trustee, and part holding him not so bound under the statute of frauds. Wisconsin is placed with those holding the agent as trustee, and the case of *Roller v. Spilmore,* 13 Wis. *26, is cited in support of the placement. In that case a deceased person had conveyed land in fraud of his creditors. The defendant was administrator of his estate and undertook without compensation to get back the property from the grantee for the benefit of the widow and heirs and procured a conveyance of it to himself. He afterwards sold the property at a large profit. Suit was brought to hold him as trustee and he was so held. The opinion of the court states that "It is a settled principle of equity that where a person undertakes to act as an agent for another he cannot be permitted to deal in the matter of that agency upon his own account and for his own benefit. And if he takes a conveyance in his own name of an estate which he undertakes to obtain for another, he will in equity be considered as holding it in trust for his principal." *Hubbard v. Burrell,* 41 Wis. 365, is to the same effect. The ground of the decision in the *Spilmore Case, supra,* was the confidential relationship of the defendant to the widow and children for whom he acted. Such a relationship exists between any agent and the principal for whom he acts. No court has taken more advanced ground upon this proposition than our own. *Miranovitz v. Gee,* 163 Wis. 246, 252, 157 N. W. 790; *Wachowski v. Lutz,* 184 Wis. 584, 594, 201 N. W. 234; *Pederson v. Johnson,* 169 Wis. 320, 172 N. W. 723; *Weinhagen v. Hayes,* 174 Wis. 233, 178 N. W. 780, 183 N. W. 162, 187 N. W. 756. Where by any species of fraud one secures title to himself in land that otherwise would have been passed to another he be-

comes trustee for such other. *Brook v. Chappell,* 34 Wis. 405; *Tyler v. Stitt,* 132 Wis. 656, 112 N. W. 1091. The trust thus imposed is an implied trust, a trust which is a constructive trust created by "operation of law" (Bouvier, *supra*), which, as above stated, is excepted from our statute of frauds respecting trusts that must be expressed in writing. The statutes, secs. 240.06 and 240.07, have come down without change from the Statutes of 1849. The term "operation of law" therein was no doubt intended to cover such cases as were exempted from the operation of the English statute of frauds and the statutes of frauds generally in force in the states. In the *Spilmore Case, supra,* the leading English case of *Lees v. Nuttal,* 2 Mylne & K. 819, and the New York cases, *Parkist v. Alexander,* 1 Johns. Ch. 394, and *Sweet v. Jacocks,* 6 Paige, 355, 364, are cited. The reason cases of fraud are without the statute is that the law will not permit a statute to be used as an instrument of fraud that was enacted for the purpose of preventing it. Our court stands as squarely for that principle as any. *Hirsch R. M. Co. v. Milwaukee & F. R. V. R. Co.* 165 Wis. 220, 223, 161 N. W. 741; *Dana v. Duluth Trust Co.* 99 Wis. 663, 671, 75 N. W. 429; *Wood v. Rabe, supra.*

It must be conceded that the Wisconsin cases, of which *Langley v. Sanborn, supra,* may be taken as an example, at first blush seem to be contrary to the position here taken. We consider that the rule of that case should not be extended beyond the facts there involved. The defendant in that case orally agreed with the plaintiff that if he would assign to him and get an extension of an option he held for the purchase of described lands, he would buy them if he could do so at a satisfactory price and resell them and divide the profits. The plaintiff got the extension and assigned the option and the defendant bought and resold the land at a profit and refused to divide. The agreement was held a

partnership to deal in lands and void because not in writing. We feel that this is "going the limit." In none of those cases did the defendant assume to act as a real-estate agent to negotiate for the purchase of lands. Such agents are now licensed, and their license is in a sense an invitation to the public to repose trust and confidence in them. *Rusch v. Wald,* 202 Wis. 462, 232 N. W. 875. Their relation to their principals is similar to that of one admitted to practice law to his client. An attorney who in examining an abstract for a client discovers an outstanding title and purchases that title for himself and friends holds that title as trustee for his client. *Goff v. Irvine,* 108 Mo. 378, 18 S. W. 907. We see no reason why the obligation of faithfulness is not as strong in the one case as the other. This affords at least one fact not present in' the *Langley Case, supra.* Counsel for appellants urge that one does not in a legal sense commit a fraud in refusing to perform a void contract, which is doubtless true. But as first above indicated, we do not regard the oral agreement of a licensed real-estate agent to negotiate with another for the purchase of land as a void contract, except as to the provision for payment of a commission. The court has heretofore declared in plain terms the obligation of utmost good faith on the part of one interested with others in a joint enterprise. *Franey v. Warner,* 96 Wis. 222, 235, 71 N. W. 81; *Jones v. Kinney,* 146 Wis. 130, 131 N. W. 339; *Goldman v. Cosgrove,* 172 Wis. 462, 179 N. W. 673. The enterprises involved in these cases were carried through and the fraud protected against was secret profits. But assuming a legal obligation of the defendant real-estate agent to deal fairly with his principals, his obligation was as high as was that of the co-adventurers in the cases cited.

Objection is made that all of the plaintiffs herein named are not members of the group entitled to an interest in the

land purchased and that two of the plaintiffs to whom the judgment runs disclaimed interest upon the witness stand upon the trial. These matters are no concern of the defendant.

However, the judgment should be modified to provide that the amount paid into court for the benefit of the defendants shall be the amount decreed by the court below with interest from entry of judgment to the date of payment less the costs of this court; and to provide further that in case said sum is not paid within thirty days from filing of the mandate in the court below, the title to the premises shall stand quieted in the defendants against all claims of the plaintiffs, and the defendants shall stand discharged of all costs taxed against them in the court below and in this court except unpaid clerks' costs.

*By the Court.*—The judgment of the circuit court is modified in accordance with the opinion, and as modified is affirmed.