### Arnold v. Clay et al.
(Decided Jan. 24, 1936.)

RAYMOND CONNELL for appellant.

ROBERT H. WINN, DICKSON, BRADLEY & BLANTON and D. D. CLINE for appellees.

OPINION OF THE COURT BY JUDGE PERRY—Affirming.

This suit was brought to have the court interpret the will of Miss Sallie Turney.

The testatrix, Miss Sallie Turney, an elderly spinster, died a resident of Bourbon county, Ky., in 1897. She had two spinster nieces, sisters, Misses May and Lucy Colville, to whom she devised equal defeasible fee interests in a trust fund of about $13,000, the entirety of which was to be held in trust for the period of their joint lives. By her will she directed her brother, Amos Turney, to hold this trust fund for her nieces, paying them only the income therefrom.

Upon the death of the testatrix, Amos Turney qualified as trustee of this trust fund, which he continued to administer until the time of his death in the fall of 1918, when the Bourbon Agricultural Bank qualified as his successor and continued to so act until the death of the devisee, Miss Lucy Colville, in 1934.

Upon Amos Turney's death intestate in 1918, he left surviving him two daughters, Mrs. Jessie Turney Arnold (the appellant) and Mrs. Leslie Turney Taylor, as his heirs at law.

Upon the death of Miss Lucy Colville without issue, defeating her defeasible fee half interest in the trust fund, there arose a controversy between the heirs at law of the deceased Amos Turney and the heirs or next of kin of the testatrix Sallie Turney as to the devolution of Miss Lucy's one-half defeasible interest

in this trust fund devised her, she having died without issue.

The provision of the will, so far as here involved and over which the controversy as to its proper construction has arisen, is as follows:

"I appoint my brother, Amos, to hold the money above devised to May and Lucy directing that he shall only pay to them the income unless in his judgment it would be best to expend part of the principal he may do so, but such power shall belong to no successor of him. He may invest the money in any way he thinks best and change at pleasure any investment. In the event of either May or Lucy dying without heirs, I leave her part to my brother, Amos, to do with as we have privately agreed and no questions are to be asked him with regard to it. If the other dies without heirs, her part is to be divided between my nieces and nephews equally."

It is the contention of Mrs. Arnold (the appellant), as one of the two heirs at law of Amos Turney, that under a proper interpretation of this provision of the quoted will, "in the event of either May or Lucy dying without heirs, I leave her part to my brother, Amos, to do with as we have privately agreed and no questions are to be asked him with regard to it," the testatrix devised to appellant's father, Amos Turney, a contingent fee in remainder and that the fee-simple title to Lucy Colville's one-half defeasible fee interest in the trust fund passed to him under the will upon the happening of the named contingency of her death without leaving issue or descendents. Further, appellant contends that while she interprets the words of this provision of the will, "to do with as we have privately agreed and no questions are to be asked him with regard to it," as meaningless and of no force in restricting the fee thereby devised Amos Turney in one-half of the fund, yet if the provision should be construed that such interests of Lucy Colville was therein devised to Amos Turney "as trustee" or "in trust," he would none the less take title to the said fund absolutely and in fee upon the eventuation of the contingency named, inasmuch as the will does not disclose the nature of the trust or name the cestui que trust, which are the essentials of an enforceable trust.

On the other hand, it is the contention of appellees that taking the will as a whole, its clear meaning and proper construction must be that under this provision of the will the testatrix did not mean or intend to devise the money to her brother Amos Turney beneficially or as a gift, but that he, as he was expressly directed, was to devote this money to certain undisclosed ends or was to do with it (as the will asserted) as he and the testatrix "had privately agreed," and that, since this secret charge cannot be carried out, inasmuch as he is now long since dead and all knowledge of said private agreement died with him and the undisclosed purpose of the trust is now impossible of fulfillment, for such reason, the devise in trust having failed, the fund now passes under the mandate of section 4843, Kentucky Statutes, as in case of intestacy to them as the heirs at law of the testatrix Sallie Turney. . Their contention in this, that the fund descends to them, is based upon the two grounds: (1) That the devise became impossible of fulfillment; and (2) that upon the provision of the will becoming impossible of fulfillment, under the mandate of the statute the devise passed as in case of intestacy to them as testatrix' next of kin.

Upon submission of the cause, the learned chancellor upheld the contention of appellees, decreeing that "the will of Sallie Turney in controversy herein created a trust in that one-half of the fund therein devised to Lucy Colville, now dead, without heirs or issue, to be executed by Amos Turney in accordance with a private agreement which the testatrix asserted in the said will; but it appearing of record that the said Amos Turney is long since dead, and that the purpose of said trust and of said private agreement having died with him, the said trust fails and is incapable of taking effect, and that under section 4843 of the Kentucky Statutes, the said one-half interest in said entire fund passes as in case of intestacy to the heirs at law of Sallie Turney. * * *"

By section 4843, Kentucky Statutes, it is provided:

"Unless a contrary intention shall appear by the will such real or personal estate, or interest therein, as shall be comprised in any devise in such will which shall fail or be void, or otherwise incapable of taking effect, shall not be included in the resid-

nary devise contained in such will, but shall pass as in case of intestacy.''

After a careful weighing and consideration of this provision of the will, which is the source of this controversy between the heirs at law of the trustee, Amos Turney, and the heirs at law of the testatrix (which class also includes the appellant herein), it is our conclusion that the learned chancellor has properly interpreted the meaning and intent of the testatrix, as expressed in this provision of the will; that is, to thereby give to her brother, Amos Turney, the fund here involved as trustee of a secret trust rather than to devise it to him as a gift or to thereby give him a remainder interest therein contingent only upon Lucy Colville, the holder of a defeasible fee interest therein, dying without issue or descendents. As bearing upon the intent of testatrix as disclosed by the language of this provision of her will in controversy, to adopt appellant's contention as to its meaning would be to utterly ignore and treat as surplusage the words used by testatrix in providing that the property was left to her brother ''to do with as we have privately agreed.'' Clearly the natural import of these words was to restrict Amos Turney in his use and disposition of this fund so devised him to the one use of carrying out and consummating the terms and purpose of the ''private agreement'' referred to as then had between testatrix and himself with respect to its disposition. Having imposed by these words such limitation of his use of the property devised him, as being devised him for that one end of applying it according to the terms of their ''private agreement,'' their reasonable interpretation would appear to clearly exclude appellant's contention that testatrix could have meant by such language to have given him the property absolutely or without restriction.

However, this trust, upon which it appears this property was devised, having become (as stated by the learned chancellor) ''incapable of taking effect,'' by reason of the fact that the named trustee is now long since dead and the purpose of the trust and said private agreement has died with him, the trust must needs fail, and thus brings the matter of the devolution of the trust fund within the provisions of section 4843, Kentucky Statutes, above quoted, which directs that in

such instance, the devise becoming incapable of taking effect, it shall pass as in case of intestacy. Such, too, we conceive to be the general rule, and so is it stated in 69 C. J. sec. 1849, p. 742, as follows:

"Where the intention to create a trust rather than to make a personal gift is manifest from the language of a will, a trust will be implied, even though it will have to be declared to be ineffective because the beneficiaries are not sufficiently designated."

And again was the rule so announced in Hammond v. Hammond, 234 Mass. 554, 125 N. E. 686, 687; the court saying:

"When a gift or bequest is made in terms clearly manifesting an intention that it shall be taken in trust, and the trust is not sufficiently defined to be carried into effect, the donee or legatee takes the legal title only, and a trust results by implication of law to the donor and his representatives, or to the testator's residuary legatees or next of kin."

And again in the case of Reynolds v. Reynolds, 224 N. Y. 429, 121 N. E. 61, 62, where the devise was "in trust, however, and for the purpose of paying out and disposing of same as I have devised and directed him to do," the court held that:

"The total failure to designate the beneficaries of the trust in the will makes it to that extent an unwritten will, ineffecual for any purpose. * * * The death of the executor prior to the establishment of the trust would leave the court wholly without power to distribute the fund in accordance with testator's wishes. * * * The will upon its face showing that the devisee takes the legal title only and not the beneficial interest, and the trust not being sufficiently defined by the will to take effect, the equitable interest goes by way of resulting trust, to the heirs or next of kin, as property of the deceased not disposed of by his will."

Also in the Restatement of the Law of Trusts, sec. 411, the general rule as to the question under discussion is thus stated:

"Where the owner of property gratuitously transfers it and properly manifests an intention that the transferee should hold the property in trust but the trust fails, the transferee holds the trust es-

tate upon a resulting trust for the transferor or his estate. * * *'' Further, in comment thereto, relating to a devise or bequest "in trust," it is said: "If a testator devises or bequeaths property and the will states that the property is to be held in trust but the beneficiary is not designated in the will and his identity cannot be ascertained from an instrument properly incorporated in the will by reference or from facts which have significance apart from their effect upon the property devised or bequeathed, the intended beneficiary cannot enforce the trust because the requirements of the Statute of Wills are not complied with; but, since it appears from the will that the devisee or legatee was not intended to have the beneficial interest in the property, he will not be permitted to keep it."

After a thorough consideration of the question of the proper construction of the will here before us and as to what are the applicable rules and principles guiding and directing us therein, we are of the opinion that the learned chancellor correctly interpreted the provision of the will here in controversy and properly decreed a devolution of the trust fund in harmony therewith to the next of kin of testatrix and also that the estate of Mat Turney, nephew of testatrix, was entitled to share in her estate, even though he had died without issue in 1932, and before the death of Miss Lucy Colville without issue in 1934.

It is the contention of appellant that the estate of Mat Turney takes no share in this trust fund of Lucy Colville, adjudged to have descended to him under the statute of descent and distribution as in case of intestacy as to it. We do not deem it needful to enter upon a full discussion of this contention, in that we are unable to follow appellant in same and deem it to be without merit, as the question has been repeatedly adjudicated and determined adversely to appellant's contention.

Therefore, the learned chancellor's decree being in harmony with the applicable rules and principles hereinabove set out and being in harmony with our conclusions and views based thereon, his judgment is affirmed.

CLAY, J., not sitting.