# Moore et al. v. Garvey's Adm'r.

March 17, 1942.

Turner & Turner for appellants.

Clyde E. Reed and H. W. Alexander for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Affirming.

The will of the late Rebecca M. Garvey, of Owen County, is as follows:

"Leesburg Va Jan 1 1939   This is to certify that I want my sister Mrs M. H Coleman to have what I leave in the event she survives me to use as near following directions as possible I want three hundred dollars put in trust to keep the two Lots known as the D L Moore Lot. No. ——— and the j j Garvey Lot No ———

"Rebecca M. Garvey."

The testatrix, an invalid, was living in the home of her sister, Mrs. M. H. Coleman, in Leesburg, Virginia, when she executed her will and when she died. The circuit court construed the will as devising all the estate, except a trust fund of $300 for the upkeep of two cemetery lots, in fee to Mrs. Coleman, conditioned upon her surviving testatrix, which she did. On this appeal other heirs challenge that construction.

The appellants submit that, taking the will as a whole, the intention of the testatrix was to create a trust for some purpose undisclosed by the instrument, except $300, and the trust failed because the beneficiaries are not designated. They rely upon Arnold v. Clay, 262 Ky. 336, 90 S. W. (2d) 55, 56. In that case the will set up a trust fund with testatrix' brother as trustee for the benefit of two nieces. It provided that if either died "without heirs" her part should go to the brother, "to do with as we have privately agreed and no questions are to be asked him with regard to it." Sometime thereafter the brother died, and later on one of the nieces, without children. We did not agree with the contention that the provision of the will as to what the brother should do with the property was meaningless, or that because of the failure of the trust the brother's heirs took absolute title to the fund. We construed the contingent bequest to the brother as trustee for a secret trust which had become incapable of taking effect because the secret purposes of the trust had died with the brother; consequently, under the terms of Section 4843 of the Statutes the same passed to the heirs of testatrix as in case of intestacy.

The will in the case at bar may be divided into two parts: By the first it devised the estate to the sister in the event she should survive the testatrix, "to use as near following directions as possible." By the second part a bequest of $300 was made as a trust fund for the maintenance of two lots, identified by the evidence as cemetery lots. Giving the estate to her sister without any qualification or limitation other than for some particular use is materially different from expressly providing, as did the will in the Arnold case, that it was given in trust. The decision in that case was influenced, if not controlled, by the fact that the trustee, who alone knew what the secret purpose was, had died before it could come to him. In the instant case there is a specific

trust of $300. The balance of the estate (which was about $3,500) was given to the sister individually, and it could well be said that the use to be made was personal or for herself. The property itself was given to the sister—not its use. Cf. Griffin v. Griffin, Ky., 21 S. W. 38. The court will not adopt a strained construction to create a trust instead of an absolute gift. If a provision is doubtful a trust will not be implied, for the law favors the vesting of the fee.

On its face the bequest lacks essential elements of a trust. This is made apparent by applying the test of enforcibility. Had the sister died after the testatrix, before settlement of the estate, the court could not have rendered the trust effective and enforced it for no beneficiaries were indicated—the death of the named trustee being, under familiar law, no impediment. There is a class of cases where an estate was left to one under the expectation that the gift would be applied in accordance with the testator's known wishes, and it is possible that this bequest was of that character. But if the legatee in such a case made no promise, expressly or impliedly, to comply with those wishes, whatever moral obligation there may be there is no legal obligation resting upon him. Title passes to the legatee and it is only to prevent fraud by compelling the fulfillment of a promise that the power of a court of equity will be exercised. Trustees of Amherst College v. Ritch, 151 N. Y. 282, 283, 45 N. E. 876, 37 L. R. A. 305; Tyler v. Stitt, 132 Wis. 656, 112 N. W. 1091, 12 L. R. A., N. S., 1087, 122 Am. St. Rep. 1012; Shrader's Ex'r v. Shrader, 228 Ky. 374, 15 S. W. (2d) 246, 66 A. L. R. 139; Alexander, Commentaries on the Law of Wills, Sections 1111 and 1112; 26 R. C. L. 1241; Rudd v. Gates, 191 Ky. 456, 230 S. W. 906. There is nothing in this record, however, indicating any promise on the part of Mrs. Coleman in respect to the use of the fund bequeathed her according to directions of the testatrix for the benefit of the parties to the suit or any other person. We think the chancellor properly construed the will.

Judgment affirmed.