Faust, Appellant, vs. Murray, Respondent.

*September 15—October 10, 1944.*

644

*Lloyd D. Mitchell* of Oshkosh, for the appellant.

*James Murray,* attorney, and *James R. Murray* of counsel, both of Fond·du Lac, for the respondent.

FAIRCHILD, J. Appellant insists that the lower court had no right to reduce the amount due on the note and mortgage from $3,500 to $2,750. This claim is based on the lack of a written agreement between the parties either extending the time for payment or reducing the amount of the mortgage and on the contention that the terms of the mortgage could not be varied by an oral agreement. However, the trial court found upon ample evidence that the appellant held himself out as respondent's agent in the negotiations to obtain a reduction of the mortgage and ruled. that he is estopped to deny his agency. The court concluded that appellant was entitled to recover only the sum of $2,750 with interest.

It is considered that the trial court's findings of fact and conclusions of law under the facts and circumstances of the case are sustained. The appellant acted as defendant's agent in securing a reduction of the mortgage; a constructive trust resulted by operation of law which prevents appellant from taking an assignment of the mortgage at a price lower than the face of the mortgage and enforcing it against the respondent for the full amount of $3,500. The evidence shows that the respondent applied to appellant to aid in refinancing the mortgage. Although appellant did not expressly state that he would act as respondent's agent in the matter, his course of conduct, as revealed in his conversation at the farm and subsequent trip to Green Bay, carry that inference. At the farm, he offered respondent $3,500 for the farm. Although

appellant testified that there was no conversation concerning a proposed loan by him to respondent to enable him to satisfy the mortgage, respondent testified that he informed appellant that the holder of the mortgage would settle for $3,000 and asked for a loan, and that appellant's answer was "I will go to Green Bay with you and we will see what we can do about it." This statement coupled with the trip to Green Bay reasonably lead respondent to believe that appellant was acting in the matter in his interest. Respondent further testified that appellant said: "I think we ought to try to get that mortgage for less than three thousand, if we can. . . . It won't do any harm to try, if we can get it for less than three thousand, and give you the benefit of the discount; it will be less interest for you to pay and less to pay off on the mortgage in case it is paid." Certainly, if such statements were made, they indicated that appellant was holding himself out as acting in behalf of the respondent. There is also evidence of a proposed promise of the respondent to give appellant exclusive hunting rights on the land in question in return for his aid in refinancing the mortgage. Respondent relied on appellant's implied promise to act for him in securing the mortgage reduction. Had he not placed such reliance on the appellant's purpose, he would have had an opportunity to seek a loan elsewhere or pay the instalments as they fell due under the arrangement with Mrs. Haight.

The fact situation here is analogous to the position of an agent verbally employed to buy lands for another, but who purchases it for himself with his own funds. Under such circumstances a constructive trust results by operation of law and the agent is compelled to convey the property to his principal. *Krzysko v. Gaudynski* (1932), 207 Wis. 608, 242 N. W. 186. The rule arises out of the fiduciary relationship between principal and agent preventing the agent from taking personal advantage of his position of trust. *Wright v. Smith* (1872), 23 N. J. Eq. 106, 111; *Gardner v. Ogden* (1860),

22 N. Y. 327; *Rose v. Hayden* (1886), 35 Kan. 106, 10 Pac. 554; and *Wood v. Rabe* (1884), 96 N. Y. 414, also support this doctrine. In *Wright v. Smith, supra,* the court said "that he was not formally constituted an agent with authority to bind the complainant, or that his agreement to act for him was not formally made, are points which, if true, are of no sort of importance. Nor is it important that no agreement was made to compensate him for his services. It is sufficient that he accepted and held a situation of trust in reference to procuring the lands."

And in *Trice v. Comstock* (8th Cir. 1903), 121 Fed. 620, 61 L. R. A. 176, the court in holding that an agent employed to sell, who, having obtained information of a prospective sale of land which his principal had not yet acquired, bought the land himself after having left the principal's employ, had bought the land for the benefit of the principal and could not retain it to his own advantage, said "the law peremptorily forbids everyone who, in a fiduciary relation, has acquired information concerning or interest in the business or property of his correlate from using that knowledge or interest to prevent the latter accomplishing the purposes of the relation. If one ignores or violates the prohibition the law charges the interest or property which he acquired in this way with a trust for the benefit of the party to the relation. . . ."

The appellant, having acted as respondent's agent, cannot now be allowed to profit by the transaction.

*By the Court.*—Order and judgment affirmed.