SHEVEL, Respondent, vs. WARTER and wife, Appellants.
*February 8—March 7, 1950.*

For the appellants there was a brief by *Vaudreuil & Vaudreuil* of Kenosha, and oral argument by *L. E. Vaudreuil*.

For the respondent there was a brief by *Lepp & Phillips* of Kenosha, and oral argument by *David L. Phillips*.

BROADFOOT, J. Plaintiff and defendant Harry Warter are brothers-in-law. In the summer of 1947 plaintiff was the operator of a fruit and vegetable stand located on rented property on South Sheridan road in or near Kenosha. He wished to purchase some land near his location upon which he planned to build a stand for the conduct of his business. He asked his brother-in-law Warter to assist him in purchasing this property. From that point on there is a sharp conflict in the testimony. Plaintiff testified that he commissioned Warter to buy eighteen acres of land known as the "Dale tract" for him and that Warter agreed to do so. Warter testified that plaintiff only wanted a tract of an acre or less upon which to locate his fruit and vegetable stand. Warter hired an attorney who made a written offer in the name of Warter to purchase the Dale property. The lawyer used $200 furnished by plaintiff as a deposit with the offer. Warter furnished $6,000 to pay the balance of the purchase price, and on September 26, 1947, the land was conveyed to Warter. Plaintiff demanded that defendants convey the property to him and offered to pay the defendants the full sum paid by them as consideration for the purchase of said property.

The trial court found as a fact that plaintiff designated defendants to act as his agents for the purpose of purchasing said property for and in his behalf, and that the defendants agreed to act in such fiduciary capacity for him. The court further determined as a matter of law that these facts established a constructive trust enforceable by the plaintiff. The

judgment directed defendants to convey the premises to plaintiff upon payment by plaintiff to the defendants of the sum of $6,000 less attorneys' fees and costs, and further adjudged that defendants account to and pay to the plaintiff all income received from the use or rental of said property.

Defendants contend upon appeal that the findings of fact are not supported by the evidence. They further contend that there was error in each of the court's conclusions of law. A detailed discussion of the evidence will serve no purpose. The factual issues have been decided adversely to the defendants, and we consider the findings sustained by the evidence. This court cannot change the findings of the trial court unless the same be against the great weight and clear preponderance of the evidence. This rule is so well established it requires no citation of authorities.

The ·fact of the agency having been established to the satisfaction of the trial court by credible evidence, the application of the rules of law can only result in the conclusion reached. The applicable rules of law are stated in the following quotations from 3 C. J. S., Agency, the first from page 6, sec. 138, and the second from page 24, sec. 144, thereof:

". . . the relationship existent between principal and agent is a fiduciary one, demanding conditions of trust and confidence. Accordingly, in all transactions concerning or affecting the subject matter of his agency, it is the duty of the agent to act with the utmost good faith and loyalty for the furtherance and advancement of the interests of his principal. It is immaterial, in the application of this rule, that the agency is one coupled with an interest, or that the compensation given the agent is small or nominal, or that it is a gratuitous agency."

"An agent must not, in the absence of his principal's full knowledge and consent, purchase for himself property which he is employed to purchase for his principal. A violation of this rule is regarded as a breach of faith and the agent will be considered, although purchasing in his own name, as holding the property so purchased or its proceeds, for his prin-

cipal, even though the agent contributes his own funds to the purchase."

The defendants' final contention was that the plaintiff's oral agreement with Warter for an interest in land was void under the statute of frauds because not in writing. That contention has been made and overruled in prior cases before this court. The factual situation in the case of *Krzysko v. Gaudynski,* 207 Wis. 608, 613, 242 N. W. 186, is similar to the case under consideration, and is controlling. In that case Gaudynski was employed to buy lands for a group, of whom he was one. He purchased the lands in his own name and was compelled to convey the property to his principals. In that case the court said:

"(2) The statutes relating to trusts that must be expressed in writing, secs. 240.06 and 240.07, except trusts which arise from 'operation of law.' The excepted trusts are 'resulting trusts,' which are implied 'from the supposed intention of the parties and the nature of the transaction,' and 'constructive trusts,' which 'are raised independently of any such intention and which are enforced on the conscience of the trustee by equitable construction and the *operation of law.'* 3 Bouvier (Rawle's 3d rev.) 2947. The obligation of the trustee is the same in both cases. Purchasing property with money belonging to another creates a resulting trust. When an agent fraudulently purchases with his own money property he is employed to purchase for his principal, a 'constructive trust' is created by the better if not greater weight of authority."

*By the Court.*—Judgment affirmed.