The Estate of Lucille A. Salwey, By Chippewa County Family Services, Inc., Her Special Administrator, Plaintiff-Respondent,
v.
Connie S. Klein, Contiwest Corporation, Contimortgage Corporation and National Finance Corporation, d/b/a N.F.C. of Wisconsin, Inc., Defendants,
Manufacturer and Traders Trust Company, Intervenor-Appellant.
No. 03-3344.
Court of Appeals of Wisconsin.
Opinion Filed: July 27, 2004.
Before Cane, C.J., Hoover, P.J., and Peterson, J.
¶1 PER CURIAM.
Manufacturer and Traders Trust Company appeals a judgment granted in favor of the Estate of Lucille Salwey. Manufacturer argues the trial court erred by concluding a constructive trust imposed against property takes priority over a bona fide mortgagee's previously recorded mortgage interest in that property. We agree and reverse the judgment, but remand the matter for an evidentiary hearing to determine if Manufacturer has a mortgage interest and, if so, when it arose.

BACKGROUND
¶2 It appears the parties submitted the issue of whether Manufacturer's mortgage had priority over the constructive trust under the summary judgment methodology. Most of the underlying facts were undisputed, and the trial court held, as a matter of law, the constructive trust had priority over Manufacturer's mortgage without finding the mortgage's effective date. The following facts are undisputed.
¶3 In November 1998, Salwey filed a claim against Connie Klein for an accounting, alleging she misappropriated Salwey's funds and used them to purchase a house. On December 19, 1999, Salwey amended her complaint and requested a constructive trust be imposed against Klein's property. A lis pendens against the property regarding this claim was filed on December 22, 1999. On September 25, 2001, after a court trial, the court found Klein exercised undue influence over Salwey and ordered judgment against Klein for $92,062.25. The court also granted Salwey's request for a constructive trust against Klein's property.
¶4 Before the matter went to trial, and before the lis pendens was filed, Klein executed a $125,600 mortgage with National Finance Corporation on January 18, 1999, which was recorded on March 3, 1999. Just over one week later, on March 12, 1999, National Finance Corporation assigned its mortgage to ContiMortgage Corporation. This assignment was recorded on May 24, 1999.
¶5 Here is where the facts become unclear. ContiMortgage filed for Chapter 11 bankruptcy on May 17, 2000. According to Manufacturer's first brief to the trial court, Manufacturer claimed it purchased Klein's mortgage from ContiMortgage's bankruptcy proceeding for an unspecified amount. However, in Manufacturer's later brief to the trial court, it produced an affidavit that indicated ContiMortgage assigned the mortgage to Manufacturer on February 4, 1999, one year before ContiMortgage's bankruptcy and over one month before ContiMortgage even obtained the mortgage. For purposes of answering the issue presented on appeal only, we will assume Manufacturer obtained the mortgage by valid assignment before the lis pendens was filed.
¶6 On February 8, 2002, Salwey filed a foreclosure complaint, naming as defendants Klein, ContiWest,[1] ContiMortgage and National Finance. Salwey did not name Manufacturer as a party. As to the latter three named defendants, Salwey alleged their mortgage interest was inferior to the constructive trust. Salwey later moved for a default judgment, which was granted on June 19, 2002.
¶7 Nearly four months later, on October, 8, 2002, Manufacturer moved to vacate the default judgment and intervene. By stipulation, Salwey allowed Manufacturer to intervene. However, on December 18, 2002, Klein's property was placed in receivership and on June 2, 2003, was sold for $131,412.11.
¶8 Manufacturer and Salwey continued to dispute whose interest took priority, and they eventually submitted the issue to the trial court on briefs. Manufacturer contended the constructive trust could not affect its interest because, as an assignee of ContiMortgage (which was an assignee of National Finance), it was a bona fide purchaser. Salwey, while contesting Manufacturer's assertions that it obtained the mortgage by valid assignment, argued the constructive trust, though imposed after any mortgage interest was recorded, related back to Klein's wrongdoing. Because Klein's wrongdoing predated the recording of any mortgage interest, Salwey contended the constructive trust obtained priority over Manufacturer's previously recorded mortgage interest. Appealing to equity, the trial court agreed with Salwey. Manufacturer appeals.

DISCUSSION
¶9 Manufacturer argues the trial court erred by concluding the constructive trust relates back to the date of the wrong and thereby obtains priority over its previously recorded mortgage interest. In its argument, Manufacturer heavily relies on Wisconsin's recording race-notice statute, WIS. STAT. § 706.08,[2] to establish its priority over the subsequently imposed unrecorded interest that arose by means of a constructive trust.[3] However, we note that § 706.08 is arguably inapplicable in this situation because WIS. STAT. ch. 706 excludes "transactions which an interest in land is affected ... [b]y act or operation of law." WIS. STAT. § 706.001(2)(a). Constructive trusts, although an invention of equity, arise by operation of law. See Krzysko v. Gaudynski, 207 Wis. 608, 613, 242 N.W. 186 (1932).
¶10 Be that as it may, we need not explore the consequences of that argument further, as Manufacturer correctly observes that a constructive trust does not subordinate a bona fide purchaser's rights. See Richards v. Richards, 58 Wis. 2d 290, 298, 206 N.W.2d 134 (1973). Thus, even if we accept Salwey's contention that a constructive trust relates back to the time of wrongdoing, see 76 AM. JUR. 2D Trusts § 204 (2002), that does not mean the trust takes priority over a bona fide purchaser's previously recorded mortgage interest.
¶11 A mortgagee is a "purchaser," Butler v. Bank of Mazeppa, 94 Wis. 351, 356, 68 N.W. 998 (1896), and there is no dispute that the original mortgagee, National Finance Corporation, was bona fide. However, there are factual disputes as to whether Manufacturer even has a mortgage interest in Klein's property and, if so, when it arose. In rendering its decision, the trial court found it unnecessary to make any findings in these regards, but assumed Manufacturer was a bona fide purchaser in that it was an assignee of National Finance Corporation. And on appeal, just as in the trial court, Salwey contests both the validity of the assignment and the time when Manufacturer took the interest. Further, if Manufacturer did purchase Klein's mortgage from ContiMortgage's bankruptcy, Salwey notes that the purchase may have occurred after the lis pendens was filed.
¶12 Given these factual disputes, we remand this matter for an evidentiary hearing to determine if or when Manufacturer obtained an interest in the property. That finding will then determine whether Manufacturer was a bona fide purchaser. If Manufacturer is a bona fide purchaser, then its mortgage interest has priority over the constructive trust. If, however, Manufacturer has an interest but is not a bona fide purchaser, then the constructive trust takes priority.
By the Court.  Judgment reversed and cause remanded with directions.
NOTES
[1] The record does not indicate ContiWest's role in the litigation.
[2] All references to the Wisconsin Statutes are to the 2001-02 version unless otherwise noted.
[3] Kordecki v. Rizzo, 106 Wis. 2d 713, 718-19, 317 N.W.2d 479 (1982), points out that WIS. STAT. § 706.08 serves dual purposes:

(1) to force the recording of all instruments so that the record will show a complete history of the title and (2) to protect purchasers who rely on the record and purchase in good faith and for value over those who have not recorded their interest in the real estate thereby possibly misleading others.