CLARKE, Respondent, vs. McAULIFFE, Appellant.

*December 17, 1891 — January 12, 1892.*

*Statute of frauds: Agreement to purchase lands: Partnership.*

1. An oral agreement between two persons to purchase land together, each to pay half of the purchase money, and to take the title in the name of one for their joint use and benefit, is void under the statute of frauds.

2. The fact that such persons were partners in the practice of law, and that the land was to be purchased for the partnership and with partnership funds, does not render the oral agreement valid, the purchase of land being foreign to the business of the partnership.

APPEAL from the Circuit Court for *Milwaukee* County. The facts are stated in the opinion.

For the appellant there was a brief by *Winkler, Flanders, Smith, Bottum & Vilas,* and oral argument by *F. C. Winkler.*

For the respondent there was a brief by *Turner, Sutherland & Timlin,* and oral argument by *W. H. Timlin.* They contended, *inter alia,* that where there is a parol agreement between two persons to extend their partnership dealings to, and to include the purchase of, real estate, and the funds of the copartnership have been used in the purchase of real property pursuant to such agreement, and the title to said real estate taken in the name of one partner, the other partner may, on proof of these facts, establish his interest in said real estate. *Bird v. Morrison,* 12 Wis. 138; 2 Story, Eq. Jur. 1207.

ORTON, J.   This action is brought for an adjustment of the partnership matter between the parties, and for an accounting, and for the dissolution of the copartnership; also for an injunction against the defendant from interfering with or disposing of any of the assets of the copartnership, and for a receiver of the partnership property, credits, and effects; and for an order that the defendant deliver to such receiver the moneys, property, and books of account of the partnership.

The partnership between the parties was formed May 11, 1885, for the practice of the law; but outside of the legitimate affairs of said copartnership there is the following allegation in the complaint: "That on or about August 21, 1890, it was agreed by and between the plaintiff and defendant that the said plaintiff and defendant should purchase the north seventy-three acres of the west half of the northwest quarter of section thirty-four, township seven north, of range twenty-one east, from Carl Zuege and Wilhelmina, his wife, for the sum of $36,500, and that this plaintiff should procure the money to make the second payment thereon."   This is all there is of the contract.   It is followed by these allegations: "That thereupon said defendant took from the funds of said copartnership the sum of $100, to pay the same to the said Carl Zuege for said land, and obtained a land contract, by the terms of which the remainder of the purchase price of said land should be paid, $12,000 on November 15, 1890, and the remainder of the $36,500 in ten years from November 15, 1890, with interest at six per cent.; and that the defendant obtained such land contract, and paid the said sum of $100 therefor, but took the said land contract in his own name for the convenience of said copartnership, but in trust for said copartnership."   This is followed by the following subsequent agreement:  "The plaintiff talked with the defendant, and proceeded to make arrangements to procure

money, and it was agreed that the plaintiff and *plaintiff's brother* should raise the money aforesaid necessary for the first payment of said land by and between said plaintiff and the defendant and *the brother* of the plaintiff." On or about October 11, 1890, the defendant sold his interest in said land for an advance or profit of $23,000, in the absence of the plaintiff, and concealed it from the plaintiff and from the *brother* of the plaintiff. The prayer of the complaint is that this $23,000 should also be paid to the receiver by the defendant.

The plaintiff, in his affidavit for an injunction and receiver, stated that the first above contract was made " *in a conversation in the office* of the plaintiff and defendant." It follows, therefore, that this contract was *oral*, and not in writing. The defendant, in his sworn answer, denied that any such contract was made, and alleged that he was entitled to receive large sums of money, greatly in excess of the sum of $100, from the moneys of said firm, and that at the time of making his contract with said Zuege he took from the funds of the firm the sum of $100, and that he immediately, with the knowledge of the plaintiff, charged the same to himself on the books of the firm. The defendant denied that the plaintiff had any interest in said purchase, and alleged that he made the purchase on his own account, and for his own use and benefit exclusively. In a subsequent affidavit the plaintiff stated that he never *knew* and never was *informed* that the defendant had charged the $100 to himself until after his return to the city after the sale of the land by the defendant, and that he has never had possession of any book or seen any book of account wherein such charge is made. The plaintiff does not deny that the defendant did charge himself with the $100 in the books of the firm at the time he received it. So that fact stands admitted, as also the fact that he did not use or pay it as partnership money.

The order appealed from requires the defendant to pay over to the receiver, to abide the event of the suit, the whole amount of money he received upon the sale of said land, or the proceeds of said sale in any form of securities.

The learned counsel of the defendant contends that the agreement set out in the complaint is void by the statute of frauds, it not being in writing. The agreement is that "the plaintiff and defendant" should purchase the land. It is clearly an agreement between two persons to purchase the land together and jointly, each to pay his half of the purchase money, and to take the title in the name of one for their joint use and benefit; and one of the parties repudiated the agreement, and sold the land as his own, and converted the proceeds to his own use, and the other party now seeks to obtain his share of the proceeds on the strength of the agreement. There seems to have been a subsequent oral agreement that the land should be paid for by the plaintiff and *his brother* and the defendant, and held for their joint benefit. The remedy sought is predicated on the agreement. It will be observed that the contract itself is silent as to this purchase being a partnership matter, and the first $100 payment was most clearly not partnership money.

*First.* This oral contract is void by the statute of frauds, it not being in writing and signed by the party charged. *Rasdall's Adm'rs v. Rasdall*, 9 Wis. 379; *Tucker v. Grover*, 60 Wis. 240. In this last case a verbal contract was entered into between the plaintiff and defendant and one McArthur that the plaintiff and McArthur should look up and enter, in the name of the defendant, pine lands, the defendant furnishing the money; and when they had been so entered the defendant was to convey one third of the land to the plaintiff and McArthur, in consideration of

Clarke vs. McAuliffe.

money advanced and services rendered by them, and further considerations.   This contract was held to be void.

*Second.*   This contract was no less *void* because this land was to be purchased for the partnership and with partnership funds.   This partnership was between lawyers, and its business was the exclusive and appropriate business of attorneys at law, as foreign as it could be from dealing in real estate.   The agreement is between the members of the firm to purchase and hold this one piece of real estate. Such an entirely foreign transaction depends upon this parol agreement.   It can be no less in violation of the statute of frauds on account of the partnership.   *Bird v. Morrison*, 12 Wis. 138.   A., B., C., and D. were members of a *mercantile* partnership, and D. received conveyances from his copartners, by absolute deeds, of divers pieces of real estate.   The agreement between the copartners, in parol, was that D. should hold said real estate for the benefit of the partners and as partnership property, and reconvey their undivided shares of said property to them on request. The property was improved with partnership means.   This agreement was held void, because not in writing.   That is a stronger case against the operation of the statute than this, because the business of real-estate purchase, improvement, and sale is not so foreign to a *commercial* partnership.   In this case it was not an extension of the law partnership to dealings in real estate generally, but only to one single transaction named.   To show that this land belonged to the partnership, resort must be had to this *oral* agreement, void under the statute.   But this was not a partnership transaction, nor was the money of the partnership used in the purchase, and this case is cited only to meet the claim of the learned counsel of the respondent.

The order requiring the defendant to pay to the receiver $23,000 — the proceeds of the sale of the land — is unjust.

That money was most clearly the private and individual property of the defendant, and the plaintiff had no interest in it, this void agreement being out of the way.

*By the Court.*— The order of the circuit court is reversed, and the cause remanded for further proceedings according to law.