FISCHER and another, Respondents, vs. MEIROFF and wife,
Appellants.

*March 7—April 5, 1927.*

*Mechanics' liens: Claim against one parcel under separate con-
tracts: Wife not designated party in building contract: Sepa-
ration of premises as between mortgagees.*

1. Three separate contracts for three buildings on one city lot
   may be combined in one claim of lien under secs. 289.01 and
   289.02, Stats., the extent of the lot not exceeding one acre;
   and a judgment for the total sum due under the three con-
   tracts is not improper.  p. 484.
2. A wife, as joint owner of property with her husband, is liable,
   under sec. 289.01, Stats., in an action for the foreclosure of
   one mechanic's lien upon separate buildings constructed on
   the lot, where she had knowledge of the work going on and
   consented thereto, notwithstanding she was not designated as
   a party in the contracts.  p. 485.
3. The evidence in this case is *held* sufficient to support a finding
   that work was done under the contracts within six months
   prior to the date of filing the lien, making the lien claim valid.
   p. 486.
4. The fact that as between the mortgagors and the mortgagee
   the property had been divided and separate mortgages given
   on two parts of the lot is immaterial where the mortgagee was
   not a party to the action.  p. 486.

APPEAL from a judgment of the circuit court for Mil-
waukee county: WALTER SCHINZ, Circuit Judge. *Affirmed.*

Foreclosure was granted in this action of a mechanic's
lien for three buildings erected by plaintiffs on a corner lot
in the city of Milwaukee owned by the defendants as hus-
band and wife, and less than one acre.

December 4, 1924, a mortgage was given by defendants
covering the entire lot to a building and loan association,
not a party in this case, for $8,500, and the same was re-
corded December 15th.  December 18th a written contract
was made for the erection of a dwelling or bungalow on one
end of this lot for $11,475.  On May 5, 1925, another writ-

ten contract for a double-flat building on the other end of the same lot was made at $9,850. Copies of each of such contracts were attached to the complaint. While the work was in progress an oral contract was made for the erection of a garage on the same lot for $1,635.57.

The last date at which work was claimed to have been done under said contracts was September 15th.

On December 28, 1925, a release of the mortgage of the preceding year was given for the west forty-seven feet of the same lot and occupied by the said double flat, and on the same day a new mortgage for $7,000 on such west forty-seven feet was executed to the same mortgagee, and these were recorded January 11, 1926.

February 10, 1926, plaintiff filed a claim for lien for the unpaid sums due under the three several contracts and making one claim for the aggregate amount due on all three. It and the complaint alleged that the several contracts were made with the defendant husband.

The defendants answered jointly, through other than the counsel presenting this appeal, the verification being by the husband, recited to be with the consent and on behalf of the defendant wife. The answer asserted fraud in obtaining the first written contract for the bungalow and that the work for which such claim for lien was made had not been completed at the time of answering.

Upon the trial the original claim for lien was received in evidence without objection as well as the two written contracts, and there was direct testimony that the last work that was done on those two was September 15th. The court found against defendants' contention as to fraud.

During the giving of testimony on behalf of defendants they suggested a question whether there can be one lien filed for two separate contracts, and later on moved to dismiss the complaint because the lien was for work done under separate contracts made at different times. The court

held that the question was not properly presented, there having been no demurrer, and that it was presented too late.

Defendants appeal.

For the appellants there was a brief by *Wehe & Landry* of Milwaukee, and oral argument by *Leo J. Landry.*

For the respondents there was a brief by *L. J. Timmerman,* attorney, and *Rubin, Zabel & Rouiller* and *Hansen & Hansen,* of counsel, all of Milwaukee, and oral argument by *Mr. Gordon I. Hansen* and *Mr. Timmerman.*

ESCHWEILER, J.    The appellants contend that, there being three separate contracts, they could not be combined in one claim of lien; that the defendant wife not being designated as a party in any of the contracts, though a joint owner, cannot be held liable; that the judgment is improper because for an entire sum on the entire lot, thereby preventing defendants from releasing as to one building by paying the balance due thereon without redeeming by paying the entire amount; and finally, that the separating of the premises for mortgage purposes separated it also for lien purposes. We find no merit in these contentions.

No objection was raised prior to trial by motion or demurrer raising any question as to the propriety of so including in one complaint or one claim for lien three separate contracts for three separate buildings on the same city lot whose total extent was less than one acre, the maximum prescribed by the statute for the lienable unit in a city.

Our lien statutes, secs. 289.01 and 289.02, neither expressly provide for nor do they expressly prohibit the making of such a claim for lien. We can find no substantial argument against the permitting one lien claim for that which is done upon such premises in separate and independent structures or by separate and independent contracts, provided the other conditions required by the statute are shown to have been performed.

We think this conclusion is supported by the holding of this court in *Chapman v. Wadleigh,* 33 Wis. 267, where by modification of the original contract additional buildings were placed on the same premises. It finds support also in cases such as *Booth v. Pendola,* 88 Cal. 36, 23 Pac. 200, 25 Pac. 1101; *Kinney v. Duluth Ore Co.* 58 Minn. 455, 458, 60 N. W. 23; *Grace v. Nesbitt,* 109 Mo. 9, 16, 18 S. W. 1118.

This view is further strengthened because no provision is made in the statute whereby the unit of one acre in cities and villages and of forty acres in the country can be cut up and divided, for lien purposes, to accommodate several structures that may be thereupon erected, or any method provided of determining in such a case as here presented how much should be set apart for the several separate buildings.

The claim of lien asserted that although the work was done at the express direction of the husband, yet that it was at the instance and request of both defendants. The court expressly found that the defendant wife, interested as equal owner in the premises with her husband, had knowledge of the work going on and consented thereto, and there is ample support for such finding. This is sufficient under the statute, sec. 289.01, to subject the interests of both defendants to the lien. *Lentz v. Eimermann,* 119 Wis. 492, 97 N. W. 181; 18 Ruling Case Law, 903; 40 Corp. Jur. 98; and cases both ways are given and cited in 4 A. L. R. 1013 to 1066.

A question is raised by defendants as to whether, if the work under one or two of the three several contracts had been completed more than six months prior to the date of the filing of the claim, the fact that the final work under one of the contracts was done within the six months could preserve the validity of the lien for such other contracts. When this was presented, and it was only raised as to the dwelling erected under the earliest of the three contracts, the trial

court permitted an offered amendment to the answer to so raise it, and then after evidence on both sides found that there was work done under that contract on this dwelling within the six-months period. The evidence was sufficient to support the finding and it should be upheld. The work was sufficiently continuous to satisfy the rule. *Taylor v. Dall L. & Z. Co.* 131 Wis. 348, 357, 111 N. W. 490; *Evans-Lee Co. v. Hoton,* 190 Wis. 207, 212, 213, 208 N. W. 872; *Shaughnessy v. Isenberg,* 213 Mass. 159, 161, 99 N. E. 975; *See v. Kolodny,* 227 Mass. 446, 449, 116 N. E. 888.

Lastly, that as between the defendants, mortgagors, and the mortgagee building and loan association, there was a division of the property and separate mortgages made upon two parts of the lot, is manifestly entirely immaterial in this case, such mortgagee not being a party here.

*By the Court.*—Judgment affirmed.