DIXON SHOE COMPANY, Respondent, vs. MOEN, Administrator, imp., Appellant.

*May 10—June 20, 1932.*

For the appellant there was a brief by *Clancey, Loverud & Loverud* of Stoughton, and oral argument by *A. M. Loverud.*

On behalf of the appellant there was a brief by *Groto-phorst, Quale & Langer* of Baraboo, attorneys for the defendants Melzl & McGann, and oral argument by *Norman M. Quale.*

For the plaintiff and respondent Dixon Shoe Company and John Riggert, defendant, there was a brief by *Robert F. Holmes* and *Hill & Miller,* all of Baraboo, and oral argument by *Mr. Holmes* and *Mr. James H. Hill.*

FOWLER, J. The case is an appeal from an order overruling a demurrer to a complaint on the ground of insufficiency of facts.

From the complaint it appears that the plaintiff sold a bill of goods to O. H. Hove, who was conducting a general store, and the goods sold were not wholly paid for. Hove sold his entire stock of goods to Burr Dickie for cash which he deposited to his credit in the defendant bank and after making the deposit drew and sent to plaintiff his check on the bank for the balance due the plaintiff for the goods. Before the check was cleared Hove died and the county court of Sauk county has jurisdiction of his estate. No administration proceedings had been instituted when the suit was commenced and the bank was the only party named as defendant. The stock of goods sold by Hove was conveyed by bill of sale reciting freedom from liens and incumbrances and had attached an affidavit alleging that Hove had no creditors. There is also an allegation that the consideration received for the goods was deposited in the bank for the express purpose of paying Hove's creditors "in compliance with the sworn affidavit and bill of sale." It is claimed that by reason of this fact the fund deposited in the bank constitutes a trust fund for the benefit of the plaintiff and all other creditors similarly situated. The relief prayed for is that the court amend the summons and

complaint to make the administrator a party when appointed; that the bank be enjoined from paying out the fund deposited until ordered by the court; that the creditors be required to intervene; and that the rights of all parties be adjudged according to equity. The bank was enjoined as prayed immediately on service of the summons upon it. Later Mrs. Hove was appointed administratrix, was made a party, and interposed the demurrer. She died and an administrator *de bonis non* was appointed to succeed her. Undertakers having a preferred claim under sec. 313.16 (1) (a), Stats., file a brief in aid of the appeal, and an execution creditor of Hove who garnished the bank joins in a brief with the plaintiff.

The respondent bases its claim upon the proposition that when a sale of goods is made in bulk, the purchaser, under sec. 241.18, Stats., known as the Bulk Sales Law, holds the goods as trustee for the creditors. From this it contends that a vendor who receives the purchase price through violation of the statute holds the purchase money impressed with the same trust that the goods would have been impressed with had he complied with it. It claims that in making a false affidavit the vendor committed a fraud and that by this fraud a constructive trust in favor of the creditors was created, and that the avails of the sale must be distributed among the creditors existing at the time of the sale as the beneficiaries of that trust, to the exclusion of the expenses of administration, the widow's allowance, funeral expenses, and other claims preferred by statute.

Assuming that because the Bulk Sales Law was not complied with by the vendor a fraud was perpetrated on the creditors, we are unable to see that the transaction created a constructive trust. Fraud creates a constructive trust only when confidential relations exist between the parties involved and the one party in reliance upon that relation in-

trusts the other with his money or property to be used for his benefit or with the doing of some act for his benefit, and the other in violation of the confidence reposed devotes the property or money to procuring property for himself or appropriates to himself the benefit of the act he was to perform for the other. *Bardon v. Hartley,* 112 Wis. 74, 87 N. W. 809; *Krzysko v. Gaudynski,* 207 Wis. 608, 242 N. W. 186. Here no relation of confidence existed between the seller and the creditor; the creditor parted with nothing; the seller procured nothing that he was to procure for the creditor; the creditor did not intrust the seller with the performance of any act; the seller did not appropriate to himself the benefit of any act he was intrusted to perform for the creditor.

We are of opinion that this transaction must stand the same as any other where a person draws a check and dies before it is presented for payment. The Negotiable Instruments Law fixes the rights of the parties. A check is not an assignment of funds in the sense that the drawing and delivery of it entitles the payee instanter to the fund covered by it. The payee is not entitled to the fund until the check is presented for payment and paid over. The death of the drawer revokes the check. Sec. 118.65, Stats.; 5 Uniform Laws Anno. 719.

*By the Court.*—The order of the county court is reversed, with directions to dismiss the complaint and leave the parties to their remedies under the ordinary process of administration of the estate of the decedent.