Goodsitt and another, Respondents, vs. Richter, imp.,
Appellant.

*October 12—November 6, 1934.*

*A. W. Richter* of Milwaukee, *in pro. per.* for the appellant.

For the respondents there was a brief by *Fish, Marshutz & Hoffman,* attorneys, and *F. C. John* and *William H. Voss* of counsel, all of Milwaukee, and oral argument by *Irving A. Fish.*

WICKHEM, J. The defendant's principal contentions are: First, that the evidence does not sustain the finding of a joint adventure, and, second, that the alleged agreement of joint adventure would be void under the statute of frauds. While defendant makes several other contentions, the foregoing may well be considered at the outset, since both require an examination of the facts in some detail.

On December 2, 1925, one Ellison contracted with the defendant Oberst to sell him a ninety-nine year lease in the city of Milwaukee, for the sum of $54,500. The written evidence of this agreement was signed by Ellison and by Oberst, and purports to be an agreement between these two parties only. On December 8, 1925, a more elaborate instrument, specifically setting forth the rights and obligations of the parties, was signed by Ellison. In this instrument Oberst is treated as the sole assignee of Ellison's rights in and to the ninety-nine year lease. The agreement acknowledges the down payments and recites Ellison's agreement to accept the promissory notes of Oberst for portions of the balance. By

assignment dated December 9, 1925, Ellison assigned the amounts due him under this contract to the plaintiff Goodsitt. While bearing date of December 9th, there is some evidence that this agreement was delivered later than its purported date. Ellison had a prior contract with one Thiermann for the purchase of the leasehold, and Thiermann had a contract with the Modern Housing Corporation, the owner, for its purchase. After long negotiations and some litigation, a settlement was effected between Thiermann, Ellison, Oberst, and the Modern Housing Corporation. On January 11, 1926, the latter corporation conveyed the leasehold to Oberst. On December 16, 1925, Oberst assigned one-third interest each to the defendants Schroeder and Richter. Shortly thereafter Oberst conveyed the leasehold to the Franklin Building Company, a Wisconsin corporation, and received from the corporation an agreement to indemnify him on account of any liability on the leasehold. On February 6th, plaintiff Goodsitt started an action in the circuit court of Milwaukee county against the three defendants in this action and John T. Ellison, claiming a vendor's lien on the leasehold. The demurrer to the complaint was overruled in the circuit court. Upon appeal to this court the order was reversed and the cause remanded with directions to sustain the demurrer. The *remittitur* was filed in the circuit court May 26, 1927, and no further proceedings were had in that action. The present action was commenced by plaintiff upon the theory that, at the time of the assignment on December 2d, Schroeder, Richter, and Oberst were joint adventurers; that Oberst, in taking title, was acting for and on behalf of the defendants Richter and Schroeder, as well as on his own behalf. The court sustained the finding that the relationship of joint adventurers existed between defendants.

The first contention of defendant goes to the sufficiency of the evidence to sustain this finding. We deem it unnecessary

to engage in an extensive review of the evidence. It suffices to say that the record sustains the finding that Richter, Schroeder, and Oberst agreed orally between themselves that each should have one-third interest in the leasehold, as well as one-third of the profits in the adventure, and that each was to pay one-third of the costs and to assume one-third of the liability. The evidence further supports the conclusion that Oberst was to take title on behalf of his coadventurers. Nor is there any question of the power of one joint adventurer to bind his associates in matters within the scope of the joint enterprise. *Fischer v. Meiroff,* 192 Wis. 482, 213 N. W. 283; *Reinig v. Nelson,* 199 Wis. 482, 227 N. W. 14.

A more serious question is involved in the second contention. It is claimed that since this was a joint adventure to purchase and sell real estate and divide the profits, the transaction is invalid under the statute of frauds. In Wisconsin, contrary to the great weight of authority in this country, a joint adventure or a partnership to engage in the sale or purchase of real estate, is held to be a contract respecting an interest in lands, and void under the statute of frauds, unless in writing, or unless sufficiently performed to take the same out of the statute. *Bird v. Morrison,* 12 Wis. *138; *Clarke v. McAuliffe,* 81 Wis. 104, 51 N. W. 83; *McMillen v. Pratt,* 89 Wis. 612, 62 N. W. 588; *Seymour v. Cushway,* 100 Wis. 580, 76 N. W. 769; *Smith v. Putnam,* 107 Wis. 155, 82 N. W. 1077, 1079, 83 N. W. 288; *Scheuer v. Cochem,* 126 Wis. 209, 105 N. W. 573; *Langley v. Sanborn,* 135 Wis. 178, 114 N. W. 787; *Huntington v. Burdeau,* 149 Wis. 263, 135 N. W. 845; *Steuerwald v. Richter,* 158 Wis. 597, 149 N. W. 692; *Krzysko v. Gaudynski,* 207 Wis. 608, 242 N. W. 186. See note 18 A. L. R. 497. It follows that the agreement of joint adventure upon which defendant's liability is predicated was, at its outset, wholly void and unenforceable.

In *Smith v. Putnam, supra,* the court, while recognizing the rule that joint adventures to deal in lands are within the

statute, holds that "where the parties have fully executed all parts of such a contract relating to or affecting interests in land, so that the courts do not need to enforce anything with reference to the land itself, the rights and duties of the parties resulting from their dealings may be enforced. . . ." This is merely a recognition of the rule that partnerships and joint adventures need not be in writing under the statute of frauds, except as they have to do with dealings in real estate.

It is contended in this case that the agreement of joint adventure has been fully executed; that it was entered for the purpose of buying and selling the leasehold property; that the title to the leasehold was conveyed to Oberst, who subsequently conveyed the title to the Franklin Building Corporation, and the joint adventurers received due consideration for such transfer and divided it among the members. It is contended that the transaction was sufficiently executed so as to entitle one of the coadventurers to have had an accounting, if that relief had been necessary, and that being valid to this extent, the members are liable on contracts previously executed by Oberst. The difficulty is that the joint adventure in this case was not a valid or subsisting one at the time of Ellison's dealings with Oberst. At that time Oberst was not in law the agent of his coadventurers. He was not authorized (because of the invalidity of the joint adventure at that stage) to negotiate for or bind the other defendants. We cannot see how the subsequent execution of the contract can operate retroactively to create an agency and a liability as of an earlier date. It is particularly difficult to find a basis for creating this liability retrospectively in plaintiff as assignee of Ellison.

In all cases which have come to our attention, in which the contract of joint adventure has been deemed sufficiently executed to warrant an accounting, the actions were by one of the coadventurers to secure his share of the profits. *Smith v. Putnam, supra; Huntington v. Burdeau, supra; Steuerwald*

*v. Richter, supra; Bogue v. Laughlin,* 149 Wis. 271, 136 N. W. 606. We have discovered none in which the completion of the venture was considered effective to establish the liability of all the adventurers upon a written contract previously executed with a third person by only one of the associates at a time when the contract of joint adventure was wholly void.

That the scope of the doctrine of the *Smith Case* and others following it is limited, as above indicated, is evident from a consideration of the case of *Langley v. Sanborn,* 135 Wis. 178, 114 N. W. 787. There the court declined, even though an oral contract of joint adventure was fully executed, to entertain an action for damages for its breach. We are unable to escape the conclusion that the statute of frauds presents an insuperable obstacle to plaintiff's recovery.

*By the Court.*—Judgment reversed, and cause remanded with directions to dismiss the complaint as against the appealing defendant.