MILLER, Respondent, vs. NORTHERN BANK, Appellant.

*October 8—November 4, 1941.*

14

For the appellant there was a brief by *James E. Coleman,* and oral argument by *Mr. Coleman* and *Mr. John B. Frisch,* both of Milwaukee.

For the respondent there was a brief by *Zimmers, Randall & Zimmers,* of Milwaukee, and oral argument by *Wilke M. Zimmers.*

FAIRCHILD, J. Before the passage of the Negotiable Instruments Law (ch. 356, Laws of 1899) it was the rule in this state that the giving of a check for value on an ordinary bank deposit was intended as an assignment of the fund *pro tanto* as between the maker and the payee. *Raesser v. National Exchange Bank,* 112 Wis. 591, 88 N. W. 618. That rule was abolished by the Negotiable Instruments Law. Under that act a check of itself no longer operates as an assignment of any part of the funds to the credit of the drawer with the bank, and the bank is not liable to the holder, unless and until it accepts or certifies checks. Sec. 118.65, Stats. *Dixon Shoe Co. v. Moen,* 208 Wis. 389, 243 N. W. 327. The NIL also provides that the acceptance must be in writing and

signed by the drawee. Sec. 118.07. There was no acceptance or certification on the part of appellant. As said by the learned trial judge in his decision: "It is well settled that the payment of a check on a forged or unauthorized indorsement and charging the same to the drawer's account do not amount to an acceptance so as to make the bank liable to the payee."

Since the giving of the check constitutes no assignment, and there was no written acceptance, the drawer's debt to the payee is not discharged and the rights of the payee remain in their full vigor against the drawer. In Brady, Bank Checks (2d ed.), a note to sec. 162, p. 254, cites cases which recognize the rule that "where a check is paid on a forgery of the payee's indorsement, the drawer remains liable to the payee for the obligation represented by the check." The check involved in this action never came into respondent's possession; the forgery was not done by an agent of respondent; and there was no allegation that appellant knew or should have known the person cashing the check had no authority to do so as was true in many of the cases in which recovery was allowed on a conversion theory. There are cases allowing recovery on the theory of conversion where a collecting bank deals with paper containing an unauthorized or forged indorsement. Those cases are based on the fact that a collecting bank exercises a stronger and more complete dominion and control over the check in contravention of the payee's interests than does a drawee bank. Here we have merely the payment of the check by the drawee bank which in turn gives up the check to the drawer without attempting to collect on it or use it as its own property. The result below came about because it was thought that a cause of action was stated against appellant "in conversion or for money had and received." But no property right of the payee was appropriated by the drawee when it mistakenly paid the money to one using the unauthorized or forged indorsement. The drawer's account remained intact

in the bank, and the respondent's cause of action against her brokers, who were the drawers of the check, was in no way interfered with. The trial court was influenced in his decision by cases that do not stand the test of logic in jurisdictions where the assignment by virtue of the issuing of a check is not recognized.

The conflict in authority over the question as to whether a drawee bank which has paid a check bearing a forged indorsement is responsible to the payee has arisen because of different factual situations, some of which have been set out above. There has been a failure to recognize and give due consideration to the effect of abolishing the theory of the assignment of the account by the drawer upon the issuance of a check. According to what seem to be the better considered decisions, no liability attaches to the drawee bank in favor of the payee. A list of the cases based on the doctrine which we adopt and those to the contrary appears in Brady, Bank Checks (2d ed.), p. 255, § 164. See also Brannon's Negotiable Instruments Law (6th ed.), p. 1157, ff, § 189. The rule obtaining here is that the drawee who unwittingly pays a check to which the payee's signature is forged is not liable to the payee in the absence of acceptance of the check. *First National Bank v. Whitman,* 94 U. S. 343, 24 L. Ed. 229; *State v. Bank of Commerce,* 133 Ark. 498, 202 S. W. 834; *Corbett v. Kleinsmith* (6th Cir.), 112 Fed. (2d) 511.

We are of the opinion that no cause of action was stated in the complaint now before us either in tort for conversion or for money had and received. There is an utter absence of certification or acceptance required under the statute and there is no privity of contract between the drawee and the payee on which a liability could be predicated.

*By the Court.*—Order reversed, and cause remanded for further proceedings according to law.