STEIN and another, Respondents, vs. SOREF, Appellant.*

*May 3—June 7, 1949.*

* Motion for rehearing denied, with $25 costs, on September 13, 1949.

44

For the appellant there were briefs by *Karon & Weinberg* and *Harry V. Meissner,* attorneys, and *Morris Karon* of counsel, all of Milwaukee, and oral argument by *Mr. Morris Karon* and *Mr. Meissner.*

For the respondents there was a brief by *Gold & McCann* of Milwaukee, and oral argument by *Ray T. McCann.*

FRITZ, J.   On the trial of this action the following facts were established without dispute: In December, 1944, Sam Bass and Samuel Soref contracted to purchase the real property involved herein at the price of $45,000 and they arranged to have the title thereto conveyed to the defendant Bernard Soref, a brother of Samuel Soref.   He offered defendant the opportunity to acquire half of Samuel Soref's one-half interest in the property for $11,250 as one fourth of the $45,000 purchase price.   Pursuant to said arrangement title to the property was conveyed to defendant, who duly conveyed an undivided one-half interest to Samuel Soref; but, as for the payment by defendant of the $11,250 which was to be paid to Samuel Soref for the remaining undivided one-fourth interest in the property, the defendant had available only $2,750, there was required the additional sum of $8,500 in order to acquire said undivided one-fourth interest.

In addition to the undisputed proof which established the above-stated facts, there was conflicting evidence which, in so

far as it was considered credible by the court, fairly admitted of its findings to the following effect:

While the negotiations for the purchase of the real property were pending in November, 1944, defendant asked the plaintiff Ben Stein, who was his father-in-law, whether he would be interested in investing money with the defendant and Bass and Samuel Soref in the acquisition of the property, and Stein informed defendant that he was interested in acquiring an interest therein. Thereupon, in conferences regarding the purchase price to be offered for the property, defendant suggested to Stein that he request the plaintiff Harry Pivar, (a son-in-law of Stein and brother-in-law of defendant), to also participate in the purchase of the property and Stein succeeded in interesting Pivar to participate. As a result of conferences and negotiations between Stein, Pivar, and defendant, they became associated for the purpose of acquiring said undivided one-fourth interest in the property; and for and on behalf of plaintiffs the defendant acted in the acquisition thereof and advised Stein that the property could be purchased for $45,000; and it was agreed between Stein, Pivar, and defendant that each of them would pay for and acquire an interest in said undivided one-fourth interest in the property. To perform this agreement Stein obtained a loan of $5,000 and on December 28, 1944, intrusted that amount with defendant, as Stein's share of the agreed purchase price; and on December 29, 1944, Pivar, as his share of said purchase price, intrusted defendant with $3,500,—$2,000 of which Pivar had borrowed for that purpose. No written acknowledgment of the receipt of these amounts was given by defendant to Stein or Pivar, although early in 1945 they demanded from defendant written evidence of their ownership interests in the property. In intrusting these amounts with defendant, Stein and Pivar relied upon the invitation and representations of defendant which induced plaintiffs to participate in purchasing said interest in the property; and defendant used the amounts so obtained from them, together with his own funds, to pay for said undivided one-fourth interest in the property. Upon the conveyance of title to the entire property to defendant in his own name, he conveyed, on April 2, 1945, a one-half interest therein to Sam Bass and a one-fourth interest therein

to Samuel M. Soref; but he retained title to the remaining one-fourth interest in his own name and refused plaintiffs' demands to convey to them their respective proportionate interests in said one-fourth interest or to execute any writing evidencing their interests therein. And defendant, in violation of the terms of his agreement with plaintiffs and in disregard of the duty he owed to them as their fiduciary, has denied that they had any interest in the property, and has, with intent to deceive and defraud plaintiffs, claimed that the moneys which they advanced were loaned to him and were not for the purpose of plaintiffs acquiring any interest in the property. The court found that said claim by defendant was untrue; and that said moneys intrusted with defendant by Stein and Pivar were for the purpose of acquiring for plaintiffs their proportionate interest in such undivided one-fourth interest; that before and at the time of the acquisition thereof, a close family relationship and friendship existed between plaintiffs and defendant; that he had been requested by Stein to represent him in some legal matters and he had given Pivar some legal advice; and that he owed plaintiffs the duty to act in good faith toward them and each extended toward the other the highest confidence, and their transactions in reference to the acquisition of interests in the property occurred while the influence of attorney-client relationship between defendant and plaintiffs, and a fiduciary relationship on the part of defendant toward plaintiffs still persisted; and, but for their confidence and trust in him, he would not have been able to obtain from plaintiffs the money intrusted with him for investment in acquiring their said interests in the property.

Upon the facts stated above, the court concluded that plaintiffs were entitled to judgment adjudicating·that the defendant holds in trust for Stein an undivided 20/45 interest, and holds in trust for Pivar a 14/45 interest in the undivided one-fourth interest in the property in question; and that defendant shall convey to each plaintiff his fractional interest in said undivided one-fourth interest and shall account to each of them for his proportionate share of the rent received by defendant from the property.

Defendant contends the court erred in several respects in its rulings in relation to the admission or the rejection of evi-

dence; in its findings of fact and conclusions of law; and in entering the judgment in question. Upon our review of the record it is our conclusion that there is no prejudicial error in the court's rulings in relation to the admission or rejection of evidence in any material respect; and that there was sufficient evidence, which the court could consider credible, to warrant the facts found by the court as stated above. Defendant's contention that the court erred in its conclusions of law and in entering judgment thereon is based primarily on his claim that the court erred in holding that the statute of frauds, secs. 240.08 and 240.06, Stats., "did not bar plaintiffs' oral claim to an interest in the realty." Ordinarily, if there is solely an oral agreement for the sale of land, or a partnership or joint venture in land and title thereto is taken in the name of one for their joint use and benefit, the oral agreement is void under secs. 240.08 and 240.06, Stats. *Bird v. Morrison,* 12 Wis. \*138; *Clarke v. McAuliffe,* 81 Wis. 104, 51 N. W. 83; *Scheuer v. Cochem,* 126 Wis. 209, 105 N. W. 573; *Langley v. Sanborn,* 135 Wis. 178, 114 N. W. 787; *Goodsitt v. Richter,* 216 Wis. 351, 257 N. W. 23. However, neither the rule stated in these cases nor the provisions in secs. 240.08 and 240.06, Stats., to that effect are applicable in the case at bar in view of the facts found by the trial court. There is not involved herein any oral contract for the sale of the property in question or any interest therein by defendant to plaintiffs, nor any partnership or joint venture for the purchase of land for their joint use or benefit. Instead, as the trial court found, the amount of $5,000 was intrusted by Stein and of $3,500 was intrusted by Pivar with the defendant as Stein's and Pivar's respective portions of the purchase price of $45,000 for the property to which Bass and Samuel Soref, individually, were to have title to an undivided one-half interest and an undivided one-fourth interest, respectively; and Stein, Pivar, and defendant, individually, were to have interests in the remaining undivided one-fourth interest in proportion to their

respective investments of $5,000, $3,500, and $2,750, in the property. The $5,000 and $3,500 with which Stein and Pivar intrusted defendant for said purpose were accordingly used by him as part of the total of $45,000 paid for the property when the title thereto was taken in his name; and although he duly conveyed to Bass and Samuel Soref their respective interests therein, defendant, in violation of his trust, wrongfully refused to likewise convey to Stein and Pivar their respective proportional interests in the remaining undivided one-fourth interest in the property, to which defendant still retains title in his name. To the extent that the $5,000 and $3,500 intrusted with defendant by Stein and Pivar, respectively, were used in acquiring for them said proportionate interests, the title to the property was acquired by defendant under such circumstances that he may not in good conscience retain and refuse to convey to plaintiffs their proportionate interests. At the time of the transactions in question between the defendant and Stein and Pivar, there existed between them a close family relationship and friendship. Defendant, as an attorney at law, had represented Stein in some legal matters and had given Pivar some legal advice and he owed plaintiffs the duty to act in good faith toward them. In the acquisition of the interests of the several parties in the property in question there existed a fiduciary relationship on the part of the defendant to the plaintiffs, and by reason thereof they placed their faith and confidence and trust in defendant; and his attempt to appropriate the entire undivided one-fourth interest in the property to himself and his refusal to convey to each of the plaintiffs their respective interests therein are clearly in violation of the confidence reposed in defendant by plaintiffs.

Under such circumstances, equity converts the defendant into a trustee and thus there is present in these transactions a constructive trust created by operation of law. *Beatty v.*

*Guggenheim Exploration Co.* 225 N. Y. 380, 122 N. E. 378;
*Krzysko v. Gaudynski,* 207 Wis. 608, 613, 242 N. W. 186;
*Schofield v. Rideout,* 233 Wis. 550, 290 N. W. 155.

As stated in Restatement, Restitution, p. 795, sec. 194:

"A person who agrees with another to purchase property
on behalf of the other and purchases the property for himself
individually holds it upon a constructive trust for the other,
even though he is not under a duty to purchase the property
for the other." Sec. 194(2), pp. 795, 796. See also *Comment* on subsection (2) *d,* pp. 797, 798.

"Where a person in a fiduciary relation to another acquires
property, and the acquisition or retention of the property is
in violation of his duty as a fiduciary, he holds it upon a con-
structive trust for the other.

"*Comment: a. Fiduciary relations.* A person in a fiduciary
relation to another is under a duty to act for the benefit of the
other as to matters within the scope of the relation. . . ."
p. 780, sec. 190.

In view of the constructive trust created by operation of law
under the facts and circumstances in this case the requirement
under the statute of frauds of written proof of the trust is not
applicable by reason of the exception as to trusts so created in
sec. 240.06, Stats., which reads:

"No estate or interest in lands, other than leases for a term
not exceeding one year, nor any trust or power over or con-
cerning lands or in any manner relating thereto shall be
created, granted, assigned, surrendered or declared *unless by
act or operation of law* or by deed or conveyance in writing,
subscribed by the party creating, granting, assigning, surren-
dering or declaring the same or by his lawful agent thereunto
authorized by writing."

As stated in *Krzysko v. Gaudynski, supra,* (p. 613):

"The statutes relating to trusts that must be expressed in
writing, secs. 240.06 and 240.07, except trusts which arise
from 'operation of law.' The excepted trusts are 'resulting

trusts,' which are implied 'from the supposed intention of the parties and the nature of the transaction,' and 'constructive trusts,' which 'are raised independently of any such intention and which are enforced on the conscience of the trustee by equitable construction and the *operation of law.*'    3 Bouvier (Rawle's 3d Rev.) 2947.    The obligation of the trustee is the same in both cases.    Purchasing property with money belonging to another creates a resulting trust.    When an agent fraudulently purchases with his own money property he is employed to purchase for his principal, a 'constructive trust' is created by the better if not greater weight of authority."

In *Dixon Shoe Co. v. Moen,* 208 Wis. 389, 391, 243 N. W. 327, this court stated:

"Fraud creates a constructive trust only when confidential relations exist between the parties involved and the one party in reliance upon that relation intrusts the other with his money or property to be used for his benefit or with the doing of some act for his benefit, and the other in violation of the confidence reposed devotes the property or money to procuring property for himself or appropriates to himself the benefit of the act he was to perform for the other.    *Bardon v. Hartley,* 112 Wis. 74, 87 N. W. 809; *Krzysko v. Gaudynski,* 207 Wis. 608, 242 N. W. 186."

The confidential relation and other matters thus stated as essential in order to constitute such fraud as to create a constructive trust existed in the case at bar.

*By the Court.*—Judgment affirmed.