Leonard **BURSTEN**, Appellant,

v.

**TOM SAWYER, INC.,** formerly Sawyer Downtown, Inc., Appellee.

No. 19050.

United States Court of Appeals
Fifth Circuit.

Sept. 18, 1962.

Court for the Southern District of Florida against the appellant, a resident of Florida, basing jurisdiction upon diversity of citizenship. In its complaint Sawyer claimed that it had agreed with the appellant, Bursten, to advance to him money for investment in Florida real estate under an oral contract providing that upon the sale of the property purchased, the corporation would be repaid the amount of its advances and one-half of the profits. Sawyer asserted that it made advances and with the funds advanced Bursten purchased property for a joint venture and sold the property at a profit. For its share of the profits, Sawyer sought judgment. Bursten denied generally the corporation's allegations and by counterclaim asserted that it was liable to him in the amount of $165,000 for legal services, and for $177,000 which he claimed to be owing as a result of joint ventures which were unrelated to the claim of the corporation. The case was tried without a jury. The court found for the corporation on its claim and found that the counterclaims had not been established. From a judgment for the corporate plaintiff Bursten has appealed.

■ The first point urged by Bursten is that the Wisconsin statute of frauds renders unenforceable an oral joint venture agreement and recovery by Sawyer is barred. The principal reliance of Bursten in support of this contention is the opinion in Goodsitt v. Richter, 216 Wis. 351, 257 N.W. 23, 95 A.L.R. 1238. There it was said:

> "In Wisconsin, contrary to the great weight of authority in this country, a joint adventure or a partnership to engage in the sale or purchase of real estate is held to be a contract respecting an interest in lands, and void under the statute of frauds, unless in writing, or unless sufficiently performed to take the same out of the statute."

In the Goodsitt case Ellison contracted to sell Oberst a ninety-nine year leasehold. Oberst gave Ellison a promise to pay for a part of the price. Ellison transferred

Irving Mark Wolff, Miami, Fla., for appellant.

J. Edward Worton, O. B. Cline, Jr., Miami, Fla., for appellee.

Before RIVES, JONES and GEWIN, Circuit Judges.

JONES, Circuit Judge.

The appellee is a Wisconsin corporation. It brought suit in the District

the obligation to Goodsitt who sued Oberst and two others, asserting that they were joint adventurers. In holding that there could be no recovery against the joint adventurers of Oberst, the Wisconsin Supreme Court held:

"The difficulty is that the joint adventurer in this case was not a valid or subsisting one at the time of Ellison's dealings with Oberst. At that time Oberst was not in law the agent of his coadventurers. He was not authorized (because of the invalidity of the joint adventure at that stage) to negotiate for or bind the other defendants."

The statute of frauds effectively prevented one of the joint adventurers from creating an obligation to a third person. This is a different situation from the case where the primary purposes of the venture have been completed and one of them is asserting a claim against another for a share of the gains of the venture. The right to recover under such circumstance is recognized in the Goodsitt opinion by this language:

"In all cases which have come to our attention, in which the contract of joint adventure has been deemed sufficiently executed to warrant an accounting, the actions were by one of the coadventurers to secure his share of the profits." [Citing authorities.]

In Smith v. Putnam, 107 Wis. 155, 82 N.W. 1077, 83 N.W. 288, cited with approval in Goodsitt v. Richter, there was a recognition of the rule that joint adventures to deal in land are within the Statute of Frauds. It was held that:

"[W]here the parties have fully executed all parts of such a contract relating to or affecting interests in lands, so that the courts do not need to enforce anything with reference to the land itself, the rights and duties of the parties resulting from their dealings may be enforced."

The general rule is succinctly stated in Corpus Juris Secundum in these terms:

"It is generally held that agreements [between partners and joint adventurers] to share profits and losses arising from the purchase and sale of real estate are not contracts for the sale or transfer of interests in land and need not be in writing." 37 C.J.S. Frauds, Statute of, § 119d, p. 615.

This may be broader than the Wisconsin rule, but that rule, as shown by the Goodsitt and Smith cases, does not prevent the appellee from recovering its share of the profits arising from its joint venture with Bursten. See also Stein v. Soref, 255 Wis. 42, 38 N.W.2d 3; Scharabok v. Murphy, D.C.E.D.Wis., 180 F.Supp. 1.

■ The case was first set for trial on March 8, 1960. Walter J. Sawyer had come to Florida for the trial. He was President and one of the stockholders of the corporation which he and his family controlled. He acted for the corporation in its dealings with Bursten. The plaintiff moved for a continuance on the ground that its counsel would be engaged before another division of the court. The motion was denied. The cause was reached on the calendar on March 10, 1960. The corporation plaintiff announced ready. Counsel for the defendant Bursten advised the court that his client was ill and moved for a continuance. The court announced that the case would be continued but, to avoid the inconvenience and expense of having the witness returned to Florida for the trial, his deposition might be taken. In the court's written order the case was continued to be reset, the oral motion of the corporation to take the deposition of Sawyer was granted "allowing and reserving unto defendant the right to cross-examine said plaintiff [meaning Sawyer] at some future date." The order is dated March 11, 1960, although the continuance had been granted on the preceding day. The deposition was taken on March 10, 1960, before the judge who had granted the continuance. At the conclusion of the examination of the witness by counsel for the corporation, the judge twice

asked counsel for Bursten if there was any cross-examination and to each question the response "No cross-examination" was given.

It seems somewhat anomalous that a court should enter a prospective order permitting a deposition to be taken when, in fact, the deposition had already been taken, and to reserve a right of cross-examination at a future date when cross-examination had already been waived. But the point is not made by the parties so we will not consider it further. Some time in June of 1960 the case was set for trial on November 7, 1960. When the case was called for trial on that day, counsel for Bursten moved for a continuance and to strike the complaint upon the ground that the witness Sawyer and his wife, who was secretary of the appellee corporation, had not presented themselves for the taking of their depositions. He had not served them with notice but, counsel said, their son, an attorney representing the corporation, agreed that they would be produced at a later date. There was never any agreement reached as to when or where the Sawyers should appear for depositions. No effort was made to compel attendance for the taking of depositions. The court denied the motion to strike the complaint and the motion for continuance. These rulings are assigned as error.

The right given to Bursten to cross-examine the witness Sawyer was not a self-executing right. The testimony of Sawyer on behalf of the plaintiff was given by deposition. The circumstances show that Bursten's counsel intended that cross-examination should be conducted by deposition. Absent an agreement, depositions may be taken on notice and attendance of witnesses may be compelled. Since Bursten failed to invoke the rules under which his right of examination and cross-examination was protected, we find no abuse of the trial court's discretion in refusing to grant the motion for a continuance.

■ Bursten's final specification of error is that he should not have been denied relief upon his counterclaim since there was no evidence to refute it and he had not been impeached as a witness. This testimony which Bursten insists establishes his counterclaim for legal services was that the appellee was his principal client, that he had records but did not bring them to the trial, that the appellee owed him for legal services in 1953 the sum of $48,000, in 1955 the amount was $52,000, and by 1956 it had increased to $102,000. He admitted to being a sloppy record keeper but assured the court that the amounts he earned, on a realistic hourly or daily figure would be in excess of the amounts he claimed were owing. He testified that he sent bills at frequent intervals, at least every three months, and frequently asked his uncle, Walter J. Sawyer, for a payment from the appellee company, that the earnings of the company ranged from $250,000 to $1,000,000 a year, that he owed the company or his uncle substantial sums of money, and that he received on account of fees the sum of $2,000 in 1948, $1,000 in 1951, and $5,000 in 1954. At the time of the payment of the $5,000, Bursten testified that he borrowed $20,000 from the appellee or from his uncle. Much of Bursten's testimony relates to legal services performed for Walter J. Sawyer individually rather than for the appellee corporation. The district court found that the appellant failed to establish his counterclaim for legal services by a preponderance of credible evidence. This finding is not clearly erroneous.

Bursten included in his counterclaim averments that he and the appellee had entered into other joint ventures with respect to which he sought an accounting. The counterclaim also asserted that the appellant was indebted to Bursten for legal services rendered in connection with claims of or against another corporation. No evidence was offered by Bursten to prove these allegations.

The judgment of the district court is

Affirmed.