Dahlke (Wayne D.), Plaintiff and Appellant, v. Dahlke (Walter G.) and others, Defendants and Respondents: Adams-Marquette Electric Co-operative, Inc., Impleaded Defendant and Respondent.*

*October 27—November 24, 1964.*

* Motion for rehearing denied, without costs, on February 2, 1965.

For the appellant there was a brief by *Rogers & Owens* of Portage, and oral argument by *Harlan B. Rogers*.

For the respondents there was a brief by *Wheeler, Van Sickle, Day & Goodman* of Madison, for the Adams-Marquette Electric Co-operative, Inc., and *Callahan & Arnold* of Columbus, for Walter G. Dahlke, Harvey M. Dahlke, Irene I. Elliott, and the Westfield Milling & Electric Light Company, and oral argument by *Floyd E. Wheeler* and *Carroll B. Callahan*.

GORDON, J. There are two basic grounds upon which we conclude that the trial court's analysis was correct. First, the history of both the distribution and the retention of the company's stock is more logically consistent with the respondents' position. Secondly, we are unable to locate proof of any donative intent to support the alleged gift.

### History of Shareholdings.

At the beginning of this report, we have recited in some detail the historical aspects of the corporate shares starting in 1917. It is our conclusion that a study of such transfers and corresponding retentions of shares demonstrates that Gustav Dahlke did not make a gift of 42 shares to his son, Wayne. If the claimed gift of 42 shares to Wayne is ignored, the other shares transferred to the children on March 28, 1921, total 77 shares; this is the same number which the father, Gustav Dahlke, surrendered on that occasion. Any attempt to arrive at the same total of 77 shares by a process which would include Wayne's 42 shares proves to be tortured and unrealistic.

In 1928, at the time preferred stock was to be issued, Gustav Dahlke cancelled 50 shares of his then 200 shares in order to comply with the regulatory direction concerning a reduced number of outstanding shares. In 1941, Gustav Dahlke gave 10 shares to each of his six children, and this diminution of 60 shares left him with 90 shares, which latter figure is clearly reflected in the minutes of the corporation. It is this number of shares which he owned at the time of his death. All of the foregoing, in our opinion, is reasonably consistent with the trial court's finding that the alleged certificate to Wayne Dahlke for 42 shares was not intended to be issued.

In addition, the reports made to the public service commission and the nonpayment of dividends to Wayne on

such claimed shares further suggest the want of a completed gift to the appellant.

### Absence of Donative Intent.

"I would sooner trust the smallest slip of paper for truth, than the strongest and most retentive memory ever bestowed on mortal man." *Miller v. Cotten* (1848), 5 Ga. 341, 349.

The whereabouts of the certificate for the 42 shares claimed by the appellant is not known. There is no proof of an actual delivery of the certificate to Wayne Dahlke. The individuals who are parties to the instant lawsuit were teenagers or in their early twenties when the questioned stock transfer occurred in the 1920's. Understandably, their recollection of such events four decades ago is far from precise.

One fact is forcefully demonstrated by the record: Gustav Dahlke was absolutely in charge of the affairs of the corporation. He was also fully in control of the corporate records, including the stock certificate book. These facts tend to minimize the importance of the entry found on the stub of the stock record book that certain shares were issued to Wayne Dahlke. The appearance of such an entry in the record book does not reflect proof that the necessary donative intent existed. Having complete mastery of the company and its records, Gustav Dahlke could have directed that a certificate be prepared without actually intending to consummate any gift. He could have completed the gift, if he chose to do so, but, on the other hand, he was equally free to tear up the certificate. It cannot be presumed that a gift was completed merely because a certificate was prepared in Wayne Dahlke's name.

If delivery had been made, there would have been a completed gift; in the absence of delivery, there was, at most,

a contemplated gift. In this respect, the case at bar is comparable to the problem presented in *Estate of Heller* (1933), 210 Wis. 474, 246 N. W. 683, and is different from the circumstances in *Zander v. Holly* (1957), 1 Wis. (2d) 300, 84 N. W. (2d) 87. In the latter case, this court said, at page 316:

". . . there is a complete gift of corporate stock where the certificate has been transferred at the direction of the owner to the donee on the books of the corporation and a new certificate issued in the name of the donee or where a certificate is issued in the first instance in the name of the donee although the certificate so issued is retained by the donor and not delivered to the donee. These decisions obviate proof of delivery."

However, in the *Zander Case,* the corporate stock in question was that of the American Telephone & Telegraph Company, and once the transfer was made on the corporate books, the donor had taken an irrevocable step to effectuate a transfer. The corporate books being beyond her control, she could not reserve a decision as Gustav Dahlke was unilaterally free to do in the instant case.

Although the appellant urges that it would be unconstitutional to classify differently the gift of stock of a small, closed corporation as opposed to that of a large, publicly owned corporation, we find no merit in such claim.

The appellant further argues that Gustav Dahlke's remaining shares became impressed with a lien in favor of his minor son. The appellant reasons that a trust arose because of the father-child relationship. *Stein v. Soref* (1949), 255 Wis. 42, 38 N. W. (2d) 3. This argument presupposes that there was an intention to make a gift. Since we are persuaded that a donative intent has not been proved, it follows that the claimed trust never arose.

We consider that the analysis of the trial judge is consistent with the historical facts in this case and, further, that

the plaintiff, Wayne Dahlke, failed to prove that Gustav Dahlke had a donative intent in connection with the claimed 42 shares. In any event, the findings of the trial court are not against the great weight and clear preponderance of the evidence.

*By the Court.*—Judgment affirmed.

The following opinion was filed February 2, 1965:

PER CURIAM (*on motion for rehearing*). The appellant contends that summary judgment should not have been granted because of the presence of an issue of fact. It is true that the record reflects a factual disagreement as to whether certificates numbered 55 to 59 were prepared in 1921 or at a date not earlier than 1928, and our original opinion recognized this disputed matter.

Even if the certificates were in fact prepared on the dates urged by the appellant, such finding could not support a holding in favor of the appellant upon this record. On the other facts which stand uncontroverted and the applicable law, the respondents were entitled to summary judgment. The presence of an issue of fact which could not, in any event, be determinative of the question in dispute does not preclude the granting of a summary judgment. *De Bonville v. Travelers Ins. Co.* (1959), 7 Wis. (2d) 255, 260, 96 N. W. (2d) 509, 97 N. W. (2d) 392.

The motion for rehearing is denied, without costs.